No. 646.

SUCCESSION OF GEORGE W. ROBERTSON. APPLICATION OF HEIRS TO BE
RECOGNIZED, AND OPPOSITION OF THE TUTOR.

When a widow is left in necessitous circumstances, but dies without claiming the
homestead privilege from the succession of her husband, who died without de-
scendants, her heirs by a previous marriage can not claim said privilege in pref-
erence to the heirs or creditors of. the said husband.

It has been held that a widow, to succeed, must be in necessitous circumstances at
the time of the death of the husband and at the time of making the claim for
the homestead. If this be correct, and there is no doubt that it is, the legal in-
ference is that the right is a personal one, and depends on the condition of the
person in whose favor it is granted, and not that it is a right that vests irrevo-
cably in full property in such person and forms a part of her succession which
descends to her heirs. It is a right which must be asserted and reduced to pos-
session—be "*demanded and received*"—before it can be vested in the party.
There is a significance in the phraseology of the law—"shall be *entitled* to de-
mand and receive." It is not said they *shall receive.*

APPEAL from the Parish Court, parish of Ouachita. *Baker*, J. *Cobb
& Gunby*, for the heirs and appellants. *Morrison & Farmer*, for
James Constantine, tutor and appellee.

HOWELL, J. The question presented in this proceeding is, when the
widow is left in necessitous circumstances, but dies without claiming the
homestead privilege from the succession of her husband, who died with-
out descendants, can her heirs by a previous marriage claim said privi-
lege in preference to the heirs or creditors of the said husband? We
think not. The law is:

"The widow, or the legal representative of the children, shall be '*enti-
tled to demand and receive* from the succession of the deceased husband
or father a sum, which added to the amount of property owned by them,
or either of them, in their own right, will make up the sum of one thou-
sand dollars." * * * R. C. C. 3252; R. S. 2369.

Under this law it has been held that a widow, to succeed, must be in
necessitous circumstances at the time of the death of the husband and
at the time of making the claim for the homestead. 26 An. 686.

If this be correct, and we think there can be no doubt that it is, the legal
inference is that the right is a personal one, and depends on the condi-
tion of the person in whose favor it is granted, and not that it is a right
that rests irrevocably in full property in such person and forms a part of
her succession which descends to her heirs. It is a right which must be
asserted and reduced to possession; be "*demanded and received,*" before
it can be vested in the party. The law, in its spirit and object, simply
provides a support for the widow or children of the deceased, which, in
some cases, has been designated a charity and in others a bounty, and
does not regulate the rights of property or descent. It says they shall
be entitled to a sum of money, which shall not, of itself or with any

property owned by them, or either of them, exceed one thousand dollars. As said in the case quoted: "It would hardly be contended that if a widow was left in destitute circumstances at the death of her husband, and while his succession was under administration she inherited a fortune, she would nevertheless be entitled to receive from his estate one thousand dollars." And yet she certainly would be, if the homestead vested in her in full property at the death of her husband. Counsel for the minor children of the deceased wife in this case meet this point squarely. They say: "The only question there can be in this case is, '*Had the right to the one thousand dollars vested in Mrs. Robertson prior to her death?*' If it had vested, there is no process of reasoning or operation of law by which it left her heirs and lapsed back to G. W. Robertson's heirs." With the same reason could it be said, if it had vested in the widow, it would have remained vested in her, although she may have inherited a fortune before she demanded and received the one thousand dollars. It is the necessitous circumstances of the widow or minor children that are to be relieved. If they are relieved by inheritance, death, or otherwise, there is no right to demand the bounty. There is significance in the phraseology of the law, "shall be *entitled* to demand and receive." It is not said they *shall receive.*

Upon the theory of the counsel for the minors, if the widow should die in one hour after the death of her husband (dying without descendants, but having one thousand dollars in money and *ascendants· in want*), the widow's heirs, upon proving that she had nothing in her own right, would recover the one thousand dollars, although she may not have been married more than one day. It was certainly not the intention of the legislator to work such consequences and make such changes in the rights of property and inheritance. "The language of the statute does not require such a construction, and unless the obvious meaning of this language imperatively demands it, we should not presume that our law-givers intended to subvert at once the rules of logic and justice." 11 An. 675.

It is therefore ordered that the judgment appealed from, so far as it decrees that the sum of one thousand dollars vested in full property in the widow, Mrs. F. L. Robertson, and ordered that James Constantine, tutor of the minor children of John C. Jackson, deceased, and said Mrs. F. L. Robertson, deceased, recover and receive from the succession of G. W. Robertson, deceased, said sum, or so much thereof as may be left after paying the law and funeral charges, be reversed; and it is now ordered that said sum or balance be paid to the heirs of said G. W. Robertson, deceased, recognized herein, and as thus amended said judgment be affirmed; costs of lower court to be paid by the succession and those on appeal by appellee.