David vs. Rode.

<hr>

## No. 1123.

### JOSEPH DAVID VS. FREDERICK C. RODE.

### THE LIVERPOOL, LONDON AND GLOBE INSURANCE COMPANY, GARNISHEE.

When the answer of the garnishee denies any indebtedness to the defendant, no judgment can be rendered against the said garnishee, without a rule or other proceeding to traverse the answers of the garnishee. C. P. 264; 16 An. 253, 348; 19 An. 374; 27 An. 93; 28 An. 691; 6 An. 122; 31 An. 865; 32 An. 280.

It is only when the answers of the garnishee are an unconditional and unqualified confession of indebtedness to the defendant, that judgment can be rendered pro confessis against him. C. P. 246.

Any proceeding to traverse or disprove the answers of a garnishee must be filed within twenty days after such answers are filed, or the garnishee is released. Act No. 27 of 1877 ; 31 An. 546.

APPEAL from the Nineteenth District Court, Parish of St. Mary. Goode, J.

David vs. Rode.

Foster & Brother for Plaintiff and Appellee.

Jos. P. Hornor and F. W. Baker for the Garnishee and Appellant:

*First.* When the answer of the garnishee denies any indebtedness to the defendant, no judgment can be rendered against the garnishee, without a rule or other proceeding to traverse the answers of the garnishee. C. P. 264; 16 An. 253, 348; 19 An. 374; 27 An. 93; 28 An. 691; 6 An. 122; 31 An. 865; 32 An. 280.

*Second.* It is only when the answers of the garnishee are an unconditional and unqualified confession of indebtedness to the defendant, that judgment can be rendered *pro confessis* against him. 246.

*Third.* A judgment rendered against a garnishee, without any rule or other proceeding putting at issue the truth of the answers, and without notice to the garnishee, and in his absence, is irregular and should be set aside. 24 An. 32; 6 An. 122; 16 An. 253.

*Fourth.* Any proceeding to traverse or disprove the answers of a garnishee must be filed within twenty days after such answers are filed, or the garnishee is released. Act No. 27 of 1877; 31 An. 546.

*Fifth.* Positive written proof, or the oath of two witnesses worthy of belief, is necessary to overthrow the answers of a garnishee. C. P. 264.

---

ON MOTION TO DISMISS.

The opinion of the Court was delivered by

TODD, J. The motion to dismiss the appeal is made by plaintiff and appellee on two grounds:

1. Because the appellee is not given, in the order and citation of appeal, the delay to which the law entitles him.

2. Because there is no seal on the citation of appeal.

*First.* The petition for an appeal was filed and the order granted on the 22d of June, 1881. Citation issued same day. The appeal was made returnable on 1st Monday of July, at Opelousas. Service acknowledged on the 30th of June, by the counsel for plaintiff and appellee, and served on the defendant, the other appellee, on the 25th of June, and the return day was the 5th of July.

The plaintiff and appellee resides in the City of New Orleans, and the defendant in the Parish of St. Mary.

" The delay to be expressed in the citation consists of ten days, to be counted from the time the citation has been served, which are allowed to the defendant to comply with the demand of the petition, if the defendant reside in the place where the court is held, or within ten miles from such place. If the defendant reside at a greater distance, the aforesaid delay shall be increased by one day for every ten miles that his residence is distant from the place of holding the court, before which he is cited to appear." C. P. 180.

It is evident in this case, that the delays in which the appellee had to answer had not expired on the day fixed in the order of appeal, and that the appellee did not have the delays to which he was legally

David vs. Rode.

entitled.   On referring however to the petition of appeal, we find that the return day was not suggested by the appellant, but was fixed by the Judge granting the order on his own motion, and that therefore the error mentioned was not a fault imputable to the appellant, and therefore does not come under the authority of the cases cited.

*Second.*   We cannot ascertain from the record whether the citation of appeal was or not without the seal of the court, and therefore this part of the motion is without force.

We cannot dismiss the appeal, but must continue the case, and thus allow the appellee the delays denied in the order and citation of appeal.

## ON THE MERITS.

The plaintiff proceeded by attachment before the District Court, Parish of St. Mary, to recover of the defendant $1,523.86, and made the Insurance Company above mentioned, of the City of New Orleans, garnishee, propounding the usual interrogatories.

The garnishee answered the interrogatories, substantially denying any indebtedness to the defendant.

These answers were never traversed.   The case was tried as to the defendant, and judgment rendered for the amount of the claim, and at the same time, after certain testimony had been taken going to show an indebtedness on the part of the garnishee to the defendant, and in effect contradicting the answers of the garnishee, judgment was given against the garnishee for the same amount awarded against the defendant.

From this judgment, the garnishee appeals and assigns the following errors :

*First.*   That the court was without jurisdiction.

*Second.*   That the answers of the garnishee denied any indebtedness to the defendant, Rode, and therefore no judgment could be rendered against the garnishee without a rule or other proceeding to traverse the answers of the garnishee.

*Third.*   That no rule or other proceeding to traverse the answers of the garnishee was had, and no judgment could therefore be rendered against the garnishee.

*Fourth.*   That the judgment against the garnishee was rendered without any rule, answer or other proceeding putting at issue the truth of the answers of the garnishee, and without fixing, or notice of any proceeding to the garnishee, and in his absence.

*Fifth.*   That the delay prescribed by law, Act 27 of Extra Session of 1877, within which time the answers of the garnishee could be trav-

ersed, had elapsed when the trial was had and the judgment was rendered against the garnishee, and the trial and judgment, in the absence of such traverse after the lapse of that time, are void.

The plea to the jurisdiction is waived by the appellant's counsel. The assignment in other respects must be sustained.

No judgment can be rendered against a garnishee who denies an indebtedness to the defendant in answer to interrogatories, unless such answer has been properly traversed. C. P. 264; 16 An. 253, 348; 19 An. 374; 27 An. 93; 6 An. 122.

And the proceeding to traverse must be taken within twenty judicial days after the answer of the garnishee is filed. Act 27 of 1877; 31 An. 546.

It is, therefore, ordered, adjudged and decreed that the judgment of the District Court against the garnishee—the Liverpool & London & Globe Insurance Company—be annulled, avoided and reversed, and that there be judgment in favor of the said garnishee, rejecting plaintiff's demand, with costs in both Courts.