State vs. Robinson.

---

## No. 1209.

### THE STATE OF LOUISIANA VS. JACK ROBINSON.

Where the property stolen was a piece of meat and was charged in the indictment to be the property of A, and the proof was that B, who was the seller of it, had cut it off a larger piece and had put it on the counter, and A paid for it, and it was stolen before A took it up, held : the delivery was complete; the property was rightfully laid in A, and the conviction was legal.

APPEAL from the Thirteenth District Court, Parish of St. Landry. Hudspeth, J.

F. F. Perrodin, District Attorney, for the State, Appellee.

C. W. DuRoy for Defendant and Appellant.

---

The opinion of the Court was delivered by

MANNING, J. The defendant was convicted of larceny and was sentenced to two years' hard labor. He relies upon two grounds for reversal.

1. He assigns as error upon the face of the record that it does not affirmatively appear that the accused was present in court when the verdict was rendered.

He has not read the record with care. The minutes of the trial day are, "now comes the prisoner Jack Robinson in the custody of the

sheriff and to the bar is led. Comes also the following jurors," and so continuously through the several stages of the trial without interruption until its close with the rendering of the verdict.

It would have been matter of surprise if the minutes of a court, presided over by so careful and vigilant a Judge, should have been wanting in the mention of a fact, the omission of which has been fatal to so many prosecutions latterly, and the need of which this Court has fastened upon the memory of the inferior courts and of their officers.

2. A bill of exception was taken to the proof of the taking, on the ground that the thing stolen had not been delivered to the purchaser.

The thing stolen was a piece of meat, of which the thief possessed himself after it was cut off and before the purchaser removed it.

The lower Judge effectually disposes of the objection in his reasons inserted in the bill : "the proof that the meat was that of the prosecutor was ample and complete. He had bought the meat and had paid for it. It was cut off from a larger piece by the vendor, and was laid on the counter to be carried off by the purchaser when it was stolen."

The delivery was complete, the property was rightly laid in the purchaser, the conviction was legal, and the sentence must stand.

Happy the thief who finds his opportunity in the interval while the thing he covets is in transit from the manual possession of the seller to that of the buyer, and whose nimble fingers attach the prize, provided he can find a court that will give ear to such quibbles.

Judgment affirmed.