## No. 1,213.

TUTORSHIP OF THE MINOR KATE L. JONES, MINOR HEIR OF L. C. JONES.

In a contest involving the correctness of an account of tutorship the test of appellate jurisdiction is in the amount of the fund to be distributed, and not in the amount of the matter in dispute.

Fruits hanging by the root on the separate estate of the husband, at the dissolution of the marriage by his death, fall in the community, and are to be equally divided between his wife and his heirs. C. C. 2407.

The shares accruing to the children are subject to the imperfect usufruct in favor of the mother, who must account for the same at the expiration of the usufruct.

APPEAL from the Third District Court, Parish of Lincoln. McClendon, Special J.

*F. W. Price* for Opponent and Appellant:

1. The fruits hanging by the roots on the lands belonging separately to either the husband or the wife at the time of the dissolution of the marriage, are equally divided between the husband and the wife or their heirs. It is the same with respect to the young of cattle yet in gestation, etc. Civil Code, Art. 2407; 9 Ann. 347 and 398; 12 Ann. 549; 16 Ann. 167, 170.
2. All kinds of fruits, natural, cultivated or civil, produced during the existence of the usufruct, by the things subject to it, belong to the usufructuary. C. C. Art. 544.
3. The father is, during the marriage, administrator of the estate of his minor children. He is accountable both for the property and revenues of the estates, the use of which he is not entitled to by law, and for the property only of the estate, the usufruct of which the law gives him, etc., C. C. Arts. 221, 223, 540; 12 R. 172.
4. In all cases, when the predeceased husband or wife shall have left issue of the marriage with the survivor, and shall not have disposed by last will and testament of his or her share in the community property, the survivor shall hold a usufruct during his or her natural life, so much of the share of the deceased in such community property as may be inherited by such issue. This usufruct shall cease, however, whenever the survivor shall enter into a second marriage. C. C. Art. 916.
5. The usufructuary is the party who enjoys the right of the use of property, the ownership of which is vested in another.
6. This usufruct is an onerous charge or burden upon the property of another, and must be construed *stricti juris*. There is no law that gives to the surviving spouse the usufruct of the separate property belonging to the estate of the deceased spouse, heired by the issue of the marriage, hence the separate property must be accounted for, together with the revenues.

*E. M. Graham, contra.*

1. The Supreme Court has appellate jurisdiction, only when the matter in dispute, or the fund to be distributed, exceeds two thousand dollars. See Constitution of 1879, Art. 81, and amendment thereto.

2. Usufruct is the right of enjoying a thing, the property of which is vested in another. C. C. 533.
3. An imperfect usufruct is of things which would be useless to the usufructary, if not permitted to use or consume them; such as money, crops, etc. C. C. 534.
4. Crops hanging by the roots, at the time when the usufruct is opened, belong to the usufructuary. C. C. 546.
5. The surviving spouse is entitled to the usufruct, both of the community and the separate property. Revised Statutes, Sec. 1711; C. C. 223 to 225 inclusive.

----

## MOTION TO DISMISS.

The opinion of the court was delivered by

POCHÉ, J. This litigation involves a discussion of the relative rights of the surviving wife and child of L. C. Jones in his succession.

The provisional account of tutorship of the minor was opposed by the undertutor who urged numerous objections thereto, with a view to an increase of the account accruing to the minor.

By means of a supplemental account the tutrix corrected the greater part of the errors charged by the undertutor, and this appeal is taken from the judgment homologating the account as thus amended. It brings up but two points for discussion: the contested right of the surviving widow to the proceeds of a crop hanging by the roots, on lands belonging to the community, and to the separate estate of the husband, at the time of his death, and her right to a credit for expenses incurred in the maintenance and education of the minor.

The motion to dismiss is grounded on the contention that after the filing of the supplemental account by the tutrix, making corrections which were accepted by the opponent by special written agreement of his counsel, the only matters remaining in contest or dispute for judicial investigation, did not reach an amount equal to the lower limit of our jurisdiction. But a reference to the pleadings shows that in this case the test of jurisdiction is not in the matter in dispute, but must be regulated by the amount of the fund to be distributed.

The account presented by the trutrix contains a statement of the proceeds of the sale of community and of separate property, of other succession and community assets, and of the debts paid by her, and it is, therefore, properly an account of administration of the succession and of the community, which she administered in her capacity of natural tutrix. Now as the amount of the fund which she thereby proposes to distribute exceeds the sum of two thousand dollars, this court is vested with jurisdiction irrespective of the pecuniary amount of the matter

really in dispute, after the amendment of the account of the tutrix. The motion to dismiss is therefore overruled.

## ON THE MERITS.

It appears that at the death of Jones, in August, 1884, he had in cultivation a crop of cotton and of corn lying partly on lands belonging to the community and partly on lands belonging to himself separately.

It further appears that after filing her account, which was in December, 1887, and before the latter part of September, 1888, the tutrix contracted a second marriage.

The judgment appealed from enforced the claim of the widow and tutrix to the ownership as usufructuary of the crops hanging by the root both on the separate and community lands.

As to the crops raised on the community lands the judgment is manifestly correct and unassailable, but it is as clearly erroneous in its disposition of the crops made on the separate lands of the deceased.

The legislation which regulates the usufruct of the surviving spouse of the shares accruing to his or her issue of the marriage, has no application to the separate property of either spouse after the dissolution of the marriage, either by the death of one of the spouses or otherwise, except as to the fruits hanging by the root as hereinafter stated. No more have the provisions of Articles 221 and 223 of our code, which regulate the rights of the parents touching the property of their children, *during the marriage,* have any bearing on, or reference to, the subject now under discussion.

The rights of the parties in this case must be determined by the provisions of Article 2407 of the Civil Code, which reads:

. " The fruits hanging by the roots on the lands belonging separately to either the husband or the wife, at the time of the dissolution of the marriage, are equally divided between the husband and the wife of their heirs."    *    *    *

Under that law, the proceeds of the crop hanging by the root in August, 1884, on the separate lands of L. C. Jones, after deducting necessary expenses, were to be equally divided between the widow and her child.

According to the interpretation given to the article in our jurisprudence, the fruits of that crop fell into the community, and the share accruing to the minor went into the hands of the surviving partner in

community, but as she did not have the usufruct of the lands which produced the crop, the half of the proceeds accruing to the minor could not and did not become the absolute and unqualified property of the mother. Wilcox vs. Henderson, 9 Ann. 347; Harrel vs. Harrel, 12 Ann. 549; Chapman vs. Woodward, 16 Ann. 167.

Now as representing the share accruing to the minor from the community, the funds thus received by the tutrix became subject to her usufruct. C. C. 916.

As the funds were useless to the usufructuary without expending the same, the usufruct was of the imperfect kind, and the obligation of the usufructuary was to account for them at the expiration of the usufruct. C. C. 534, 536, 549; Succession of Hayes, 33 Ann. 1141.

It therefore follows that at the date of the second marriage, the usufruct of those funds in the widow terminated, and from that date she has become the debtor of her minor child for the half of the nett proceeds of the crops aforesaid which accrued to said minor, with legal interest. Cochran vs. Violet, 38 Ann. 525.

She must therefore be held liable to account for the same.

The credit of $750 allowed to the tutrix by the district judge for the maintenance and education of the minor is predicated on the proceedings of a family meeting which empowered the tutrix to spend $375 annually for the purposes herein stated. But there was no proof that the amount thus allowed was actually disbursed by the tutrix, hence it was error to allow the credit in the absence of such proof.

It is, therefore, ordered that the judgment appealed from be amended as follows:

By holding the widow liable to account to the minor for one-half of the nett proceeds of the crop raised in 1884 on the separate lands of the deceased, with legal interest from the date of her second marriage. By rejecting the credit of $750 allowed to the tutrix for the maintenance and education of the minor, with the reservation of her right to recover actual disbursements made by her on that score.

And it is now ordered, adjudged and decreed that said judgment, as thus amended, be affirmed at appellee's costs on appeal.