## No. 11,925.

### SUCCESSION OF JOSEPHINE M. BLANCAND.

The widow who takes possession of movables of the community, exercises her legal usufruct, and such property being consumable by use, and actually used by her, her liability to heir of the husband is for one-half the value of the property, subject to the reduction of the community debts. R. S., Sec. 629; C. C. 534, 549.

The law does not recognize the fiction that the community movables, in this case groceries long since consumed, are to be deemed still in existence, represented by other groceries bought by the widow in the course of her business, and inventoried at her death as property applicable to pay her debts.

A claim against the administrator of a succession for property, of which he is claimed to be in possession, belonging to another succession, should be urged in a suit for such property, not by opposition to the administrator's account. 6 Martin, 27; 15 An. 228; 41 An. 504.

APPEAL from the Civil District Court for the Parish of Orleans. *Righter, J.*

*Solomon Wolff, Felix J. Dreyfous* and *Frank McGloin* for Administratrix, Appellee.

*Henry Chiappella* and *E. D. LeBreton* for Opponent, Appellant.

Argued and submitted March 12, 1896.
Opinion handed down March 23, 1896.

The opinion of the court was delivered by

MILLER, J. This appeal is by the administratrix of the succession of Gustave P. Blancand and the tutrix of his minor child from the

Succession of Blancand.

judgment dismissing her opposition to the account filed by the administratrix of the succession of Josephine M. Blancand.

The deceased died insolvent. The account exhibits assets amounting to four thousand one hundred dollars and debts to a greater amount. The property left by the deceased was mainly a stock of groceries, the sale of which produced the fund for distribution to her creditors.

Gustave P. Blancand, the husband of Josephine, died in 1891, leaving children, on behalf of one of whom, a grandson, the opposition is filed. Gustave P. Blancand was the proprietor of a grocery, the stock of which was all he left at his death. It is proved he died insolvent. There was no administration of his property, his widow continued the grocery until her death with the result of a remnant of stock insufficient to pay her debts as exhibited by the account, the subject of this appeal.

It is under these circumstances that the administratrix of Gustave P. Blancand and tutrix of his minor child claim by the opposition to be placed on the account of the administratrix of Josephine M. Blancand for the one-half of the proceeds of sale of her stock of goods to the exclusion of her creditors.

The theory of the opponent is that the stock of groceries of Gustave P. Blancand, as it stood in 1891, is to be deemed still in existence and represented by the stock possessed by Josephine M. Blancand when she died in 1894. The stock of Gustave P. Blancand has been consumed. His widow, continuing his business since 1891, used the stock of 1891 in daily sales and replenished her supplies from time to time, until her death. We are asked, because of this continuance of the business by the widow in the same store occupied by Gustave P. Blancand, and replenishing of her stock as required by the needs of her business, to sanction the fictitious existence in 1894 of the groceries in 1891, in the store when Gustave P. Blancand died. On this legal fiction that the stock of Josephine Blancand is the stock long since consumed of her husband, and of the community between them, dissolved by death, it is claimed that one-half the funds on the account should be awarded to the administratrix of the husband and to the tutrix of the minor child, and this result is insisted upon, notwithstanding it takes from the creditors of Josephine the fund to pay them, derived, doubtless, from the groceries sold to her by the creditors.

There is, in our opinion, no basis for the ownership of the proceeds of any portion asserted by the opponents. The amount on the account is derived from the grocery stock of Mrs. Blancand, not in any sense to be deemed the stock owned years since by her husband. It is said that the community between them has never been settled. If there was any property in existence belonging to that community, the suggestion of a settlement would have its force. But that existence rests on the fiction that movables consumed in use still exist in kind in the stock bought by Mrs. Blancand and left to her creditors. Not only has the stock of 1891 passed out of existence, but under her usufructuary right as widow in community she had the right to the enjoyment of the stock left at her husband's death. Revised Statutes, Sec. 629; Civil Code, Arts. 534, 536. It follows, we think, that the claim of the opponent of half the fund brought on this account admits of no support. If the minor had any claim in respect to the stock of groceries left by his grandfather in 1891, and taken possession of by Mrs. Blancand, it would be in the nature of a debt against her, not claimed.

We have considered the contention that there was the good will of the grocery of Gustave Blancand, part of his estate in 1891. No such asset was ever sold. If it existed, it passed to Mrs. Blancand with the business to which she succeeded in 1891. It is claimed that the good will of this same grocery added to the sale of the stock she left at her death in 1894, hence must be deemed to have been equally valuable in 1891. It is quite certain that this supposed good will had long since ceased to be an entity, if it ever existed. It surely is not represented by the proceeds on this account. If an asset in 1891, Mrs. Blancand had the benefit of it at her husband's death, and if liable to the minor for it, the claim was a debt due to her minor child. We can perceive no basis to award the minor a portion of the funds on this account, because of the good will claimed to have existed in 1891.

The demand asserted by the administratrix of Gustave Blancand and as tutrix of her minor child is for property of Gustave Blancand, claimed to be in the possession of the administratrix of Mrs. Josephine M. Blancand. We have examined the ground of the demand in deference to the earnest argument addressed to us. But in our view no such demand has any place in an opposition to the account of the administratrix of Mrs. Blancand. If there was the basis for

the demand, in our view, the remedy was of a different character. Copse vs. Eddins, 15 An. 528; Succession of Scott, 41 An. 670; Succession of Lerude, 11 An. 386; Succession of Aaron, 11 An. 671.

We have given attention to all the phases of the elaborate argument for the opponent, but the views announced dispose of the controversy.

It is therefore adjudged and decreed that the judgment of the lower court be affirmed with costs.