No. 14,039.

MRS. SARAH KAHN, WIDOW OF MORRIS FEITEL, VS. JOSEPH BECNEL &
CO., ET ALS.

SYLLABUS.

1. Defendants recognized the claim as due including an amount formerly due
   to the husband of plaintiff to which she had succeeded as the head of her
   late husband's firm.
2. The *oyer* granted and complied with brought all claims sufficiently before
   the court for the purpose of the trial.
3. Discount charged by plaintiff not being sustained by the facts is deducted
   from plaintiff's claim.
4. A partner is bound by his acts as mortgagee to the extent of his interest
   and by his declarations of indebtedness as mortgagor.
5. A partner who is not the special agent of the partnership has no authority
   to execute a mortgage against his co-partners.
6. The co-partners are not bound as having ratified their co-partner's act in
   having mortgaged their property, as it is not shown that they were made
   aware of the fact that he had mortgaged their property.

APPEAL from the Twenty-Seventh Judicial District, Parish of St.
James—*McCulloh, Judge ad hoc.*

*Lazarus & Luce and Edward N. Pugh,* for Plaintiff, Appellant.

*Robert G. Dugue,* for Defendants, Appellants.

The opinion of the court was deliverd by

BREAUX, J. Plaintiff brought this suit to recover a balance of
twenty thousand six hundred and thirty-eight and 12-100 dollars, with
interest and attorney's fee.

In her petition she sets forth that this amount is due her by the
planting partnership of Joseph Becnel & Co., composed of Joseph
Becnel, who died in 1897, whose estate is represented by his widow, of
Numa Becnel, Bazil Becnel, Damas Weber, Omer Weber, and of Victor
Bourgeois.

The husband of the plaintiff, Morris Feitel, was the commission mer-
chant of defendants from about the year 1893, until his death, on the
17th day of April, 1895, and during that time they became indebted

to him in a considerable sum. Immediately after her husband's death Mrs. Feitel took charge of her husband's commission business and conducted it in her own name. She, as a commission merchant, advanced merchandise and cash to defendants.

The defendants came into court, after they had been sued, and asked for oyer of the notes referred to in plaintiff's petition, and also for oyer of her accounts which had not been filed with the petition.

Plaintiff, in accordance with this order, filed her notes and accounts and included in her return to the order accounts showing the balance due by defendants to Morris Feitel, the husband of plaintiff.

Defendants, after plaintiff had thus filed the account and papers, filed a written objection in which they averred that plaintiff had not complied with the order of court, because some of the accounts which she had filed purported to be accounts between M. Feitel and Joseph Becnel & Co., and not between the plaintiff and Joseph Becnel & Co., and that in consequence the accounts claimed by plaintiff did not show a balance in her favor; that there was nothing in plaintiff's petition to connect the defendants with M. Feitel. This was overruled and subsequently defendants filed their answer.

They in this answer denied that plaintiff had a mortgage to secure the payment of the notes, amounting to fifteen thousand dollars ($15,-000) mentioned in plaintiffs' petition. They denied all indebtedness, and averred that no settlement of accounts had ever been made, and averred further that a correct account would show an indebtedness from the plaintiff to the defendants, instead of a debt against them.

The testimony shows that during all the years that plaintiff or her predecessor was the commission merchant of the defendants, monthly settlements were made showing exactly the debits and credits between them. A copy was forwarded to the managing partner of the firm. Not long prior to the death of this partner the accounts in the possession of plaintiff and those which had been carried on the partnership books of the defendants were carefully examined and were found correct. These accounts, as alleged by defendants, included the accounts of amounts due to the late Morris Feitel not covered by the allegations of the plaintiff's petition.

The indebtedness of the defendants to Morris Feitel, amounting to seven thousand eight hundred and thirty-six and 80-100 dollars ($7,836.80), was included in plaintiff's account, and from the date of

her husband's death she treated this claim as absolutely her own. The allegations of her petition originally were directed exclusively to the recovery of an amount which she claims is due, and as having been advanced since her husband's death.

The mortgages were executed to cover the amounts due her for advances, but they also included amounts due her late husband.

Defendants assail the validity of these mortgages on the ground that they are not binding.

The facts are, as relates to these mortgages, that the property mortgaged did not belong to the surviving partners at the date that they were executed. It was all in the name of Joseph Becnel individually until 1891, but he really owned only one-sixth of the property, and the remaining five-sixths belonged to his co-defendants. He signed the acts of mortgage each year, for several years, in the name of the partnership and not in his own name. He had no power of agency from his co-partners. He, in 1891, executed a deed of sale to his co-portners for five-sixths of the property. It was not recorded until April, 1894, and after that date each year a mortgage was executed by Joseph Becnel individually in favor of Moses Feitel and after his death in favor of the plaintiff, by Joseph Becnel, for advances in the name of the partnership only.

The judgment of the District Court deducted the claim of the late Morris Feitel from the plaintiff's claim and gave judgment for the balance and interest and fee of attorney, less $1,383.33 charged by plaintiff as discount. It dismissed the demand for recognition of mortgage. Both plaintiff and defendants appeal.

We deem the foregoing a sufficient statement for the time being. We will state other facts as they come to our attention while passing upon the case.

We take up, in the first place, for decision the question of the amounts as set up in plaintiff's account. We will state in addition to the facts already stated regarding plaintiff's claim that plaintiff's bookkeeper testified as to the correctness of her accounts. The managing partner had the authority to acknowledge the correctness of accounts.

This partner found no objection to the items carried in the account, but did not understand how it was possible to hold his firm bound for the payment of the promissory notes secured by mortgage which had been executed as security for advances. These notes had

been carried on the account. As usual with commission merchants, entry was made that they had been discounted. The amount of the discount was placed to his credit, less the commission which is usually deducted and to which the merchant is entitled, when in reality the note is discounted; but not when, as in this case, it remains in the hands of the merchant and he advances the money. The plaintiff not having thus discounted this note, she had no right to discount it herself and charge a commission. Delogny vs. Creditors, 48th Ann. 488.

Defendants, as relates to the amount of plaintiff's claim, urge that the sums due to the late Morris Feitel, her husband, should be deducted. They allege in this connection that, although plaintiff claims to have complied with the order in matter of oyer directing her to file notes and accounts, she has not complied with the order, for some of the accounts which she has filed were accounts between M. Feitel and Joseph Becnel & Co., and not accounts between plaintiff and Joseph Becnel & Co.

In passing upon the question whether this amount should be deducted, as claimed by defendants, we will have to return for a moment to the ruling of the District Court regarding *oyer*. The facts are, as relates to this order, that the term of the district judge expired a short time after he had decided that the court's order, as relates to *oyer*, had been complied with and all needful papers had been filed. His successor who took up the case after this ruling held: "Nothing was said or intimated in the petition about an account of M. Feitel. Under these circumstances, had plaintiff the right to file it in answer to the prayer for oyer of account of Mrs. Feitel? * * * The mere statement that this account was not in any way mentioned in the petition carries with it the denial of the right of plaintiff to file it. Had nothing been urged with regard to it, plaintiff could not have produced it."

Upon the ground suggested by the foregoing the second district judge deducted the balance carried on plaintiff's account of a date anterior to her husband's death. In this we have found that he has erred. The amount could be recovered under the record as made up when the first judge presided and on the issues as presented.

Plaintiff's contention is that the defendants alleged in their petition for oyer that they could not safely prepare their defense without oyer of the note and a detailed account showing how the total claimed by plaintiff was obtained, and that as she (plaintiff), in answer to this de-

mand of defendants, filed a full and perfect account showing how the twenty-three thousand dollars ($23,000) was obtained, that defendants were notified and that they cannot gainsay their own act and preclude plaintiff from defending herself.

The defendants objected to a consideration of the husband's claim as not alleged and one which plaintiff had no right to recover in this suit. The evidence was objected to and a bill of exceptions reserved. "Counsel objects to that portion which shows on its face that it is an account of the firm of J. Becnel & Co. with M. Feitel, on the ground that there is absolutely nothing in the petition to justify proof of any indebtedness at any time to anybody except the plaintiff herself, Mrs. Feitel. It is understood that the same objection and same ruling applies to all evidence without its being necessary to reserve the objection."

The defendants excepted to the court's ruling.

The claim of Morris Feitel was taken into the business of his widow and the successor of the firm. She, with the defendants' consent, as expressed in the different acts and by the consideration of the notes, treated this Morris Feitel claim as her own. In the different transactions it lost its identity as a separate and independent claim by defendants to Morris Feitel. They bound themselves to pay the whole of the amount to Mrs. Feitel, that due to Moses Feitel and that which afterward became due to the plaintiff. She held the notes and accounts which came into her hands as surviving widow and usufructuary. Personally and as usufructuary she stands before the court to recover the amount to which she is entitled.

"The usufruct being of money, the usufructuary owns the thing subject to the usufruct and could bring an action therefor." C. C., 536. She (the usufructuary) can maintain all actions necessary to insure her possession and enjoyment of the right.

Defendants' contention is more particularly that plaintiff had not claimed as usufructuary, and, in consequence, she should not have been heard to prove a right coming from the first firm after the death of her husband.

It must be borne in mind that these claims were blended together with the expressed consent of all concerned so as to render it not possible with any degree of certainty to determine where the respective rights of the parties begin and when, as to date, plaintiff's husband's

claim was brought to a close. They were treated as one by all the parties concerned. When plaintiff, in answer to defendants' prayer for oyer, filed all her claims, she substantially gave notice to defendants of the claims she held and which made up the amount alleged to be due. There was then, as to the pleadings, a sufficiently complete record made up as to enable plaintiff to escape from the bald, technical issue raised that defendants had not received ample notice of the nature of the demand.

It is true that parties must be held to their pleadings. They should also be held to their contracts. When the obligors recognize a right upon which they are being sued as being in the plaintiff, and pray for oyer, while they may show lack of consideration or any other legal defense, they are scarcely in a position to urge successfully, in face of their prayer for oyer for the papers that went to make up the claim sued upon, and in face of the papers themselves, the correctness of which they had acknowledged and which are filed in response to their motion for *oyer* that they are not to be considered as evidence because of insufficiency of allegations. To illustrate: A sues on a note for a thousand dollars due him by B; the maker, B, defends on the ground that one hundred dollars of the amount is due to C. A meets this defense by pleading the note and shows that prior to the date of the note the one hundred dollars became his, and that B was aware of the fact when he made the note. B would not be permitted to urge that this consideration assumed by him, irregularly, it may be, was not alleged, although the note had been declared upon. The onus of pleading is with the defendant who seeks to avoid paying the amount.

The mortgage claimed by plaintiff as bearing upon the property of the partners, although executed by one of the partners without a power of agency, presents the next question for our consideration.

On the face of the papers the inscription of the deed from Joseph Becnel to his co-partners left him without authority to mortgage the interest of his co-owners and partners. Although in the answer defendants allege that Joseph Becnel was their authorized agent to secure advances to bind Joseph Becnel & Co. or its members in matter of obtaining these advances, this did not confer on him the right to execute a mortgage which would bind partners who had not expressly consented to his executing a mortgage.

The power to mortgage must be express. In this case it was not. No

authority whatever was given to the managing partner as relates to mortgaging the property.

Plaintiff seeks to meet this defense by contending that defendants are estopped from denying that the managing partner before named was not the owner of the property as declared in the act of mortgage which he executed in favor of plaintiff as mortgagee. One may be bound by a sale who stands by and encourages the purchase of the property, but here there is no testimony tracing knowledge of this mortgage to the co-owners. They, as far as the record discloses, were not made aware of it by any fact brought to their attention. The advances were received in accordance with the agreement of Joseph Becnel with plaintiff and were expended, it is contended by plaintiff, for the benefit of the partnership, but, we state again, whether they knew that the return of these advances was secured by a mortgage is not known. This partner, it is true, in 1891 acted as the agent of his co-partners in buying the plantation mortgaged. The power to buy in that case was expressly granted, but there was nothing in this act authorizing him to mortgage the place. He acted as their agent in managing the business of the partnership. We can only repeat that he had no authority to mortgage the place.

Property can be mortgaged by the owner by written deed, but a mortgage is not to be inferred because the owner of the property, who is no party to the deed of mortgage, received benefit from the advances afterward made to the one by whom it was mortgaged. "To create a conventional mortgage, there must be clear impression of intent to do so." Succession of Benjamin, 39th Ann. 612. Here there was no expression of any intent, no deed signed, and no step taken expressly toward ratifying the mortgage which had been executed.

Article 3303 of the Civil Code has application in case of agency. The partner is to some extent the agent of his co-partners. He is not in every instance considered as an agent. At any rate, we have found no well considered decision sustaining the view that a partner may, without authority, mortgage the property of his co-partners and expend the proceeds without informing them and can cause them to be bound as mortgagors without their knowledge.

We pass to defendants' contention that Joseph Becnel is not bound *in propria persona;* that he is only bound as a member of the partnership, as he signed only the partnership name of Joseph Becnel & Co.

The act of mortgage sets out that he, as owner of the property, mortgaged it to plaintiff. True, as before stated, he signed the act as partner. In signing, he did not put an end to all his personal responsibility as a debtor by adding "& Co." to his name. He becomes bound as joint owner and partner and personally as a mortgage debtor, and did not shift the mortgage indebtedness in such a way as to save, free from mortgage, the property to the extent of his interest which he declared it was his intention to mortgage. He was a principal, both as a partner and personally as declared in the deed, and the added "& Co." does not detract from the force of his declaration. He did not bind his partners, for we have seen that he was not expressly authorized to bind them in executing a mortgage, but he certainly bound himself not to deny the verity of his declarations in the act.

He, as a partner, owned one-sixth of the property which was his, whether considered relatively to his interest in the partnership or in so far as he was personally concerned. To that end he could mortgage it as a partner or *in propria persona*. A question somewhat similar has been decided in matter of a sale. Lee vs. Ferguson, 5th Ann. 32. We think that his heirs are estopped by the recitals of the act.

It is ordered, adjudged and decreed that Mrs. Sarah Kahn, widow of Morris Feitel, have judgment against the firm of Joseph Becnel & Co. and against Mrs. Almeyer Webre, administratrix of the succession of Joseph Becnel, Numa Becnel, Bazil Becnel, Damas Webre, Omer Webre and Victor Bourgeois jointly for the sum of twenty thousand six hundred and thirty-eight and 62-100 dollars ($20,638.62). Of this amount the sum of fifteen thousand dollars ($15,000), less thirteen hundred and eighty-six and 33-100 dollars ($1,386.33) deducted from the time it was charged by plaintiff, bears interest at the rate of 8 per cent. per annum from May 7th, 1896, and ten per cent. on the aggregate due on the note and interest for attorney's fee; the remainder on open account to bear interest at the rate of 5 per cent. from May 25th, 1897.

It is further ordered, adjudged and decreed that the mortgage executed by Joseph Becnel & Co. and Joseph Becnel individually on the 7th of May, 1896, is recognized as legal, valid and binding to the extent of one-sixth interest of Joseph Becnel in the property of the said partnership, and that same be seized and sold to pay and satisfy the one-sixth of his indebtedness to plaintiff.

It is further ordered, adjudged and decreed that plaintiff's claim to a mortgage on the property of Joseph Becnel & Co. for the remaining five-sixths (5-6) is rejected.

Defendants to pay the costs of appeal.

BREAUX, J. On the application for rehearing our attention is called to the fact that thirteen hundred and eighty-six 66-100 dollars ($1,386.66), an amount the opinion declares she is not entitled to, is not referred to in the decree immediately after the mention of the total twenty thousand six hundred and thirty-eight 62-100 dollars. In order to take this out of the domain of all possible uncertainty, the deduction of thirteen hundred and eighty-six 66-100 dollars ($1,386.66) from the twenty thousand six hundred and thirty-eight 62-100 dollars ($20,-638.62) is now ordered and decreed, leaving due altogether nineteen thousand two hundred and fifty-two 29-100 dollars ($19,252.29).

After having made this deduction of thirteen hundred and eighty-six 66-100 dollars ($1,386.66), the court is unanimously of opinion that the rehearing should be refused; the other points argued not presenting ground for rehearing.°