"Q. I am talking about this particular contract. A. Not that I know of." Tr. p. 145.

The present suit was not instituted until July 9, 1928, or more than 5 years after the date of the bond given by plaintiff company. The staleness of the demand savors of but slight faith in plaintiff in the justice of its cause, especially in the doctrine attempted to be applied herein of partnership by estoppel, and of resultant liability on the part of the defendant, Dolhonde.

As Dolhonde was not a member of the partnership, in fact or by estoppel, personal service upon him at his domicile in Tangipahoa parish did not have the effect of conferring jurisdiction upon the lower court of the present suit.

The defendant Moore was a nonresident, and service upon him while residing temporarily in Jefferson parish within this state did not clothe the lower court with jurisdiction, in the face of the plea to its jurisdiction tendered timely by defendant.

Judgment affirmed.

(133 So. 347)

**CHARLES B. NELSEN & CO. v. RODRIGUEZ.**

No. 30885.

March 2, 1931.

Merrick, Schwarz, Guste, Barnett & Redmann, of New Orleans, for appellant.

Robert Ewing, Jr., of New Orleans, curator ad hoc, for appellee.

LAND, J.

Plaintiff is a commercial partnership domiciled in the city of New Orleans, and defendant is a resident of Bluefields, Nicaragua.

Plaintiff alleges that defendant violated a written contract to deliver to plaintiff, at the city of New Orleans, 150,000 feet of mahogany lumber at the price of $7,500, by selling the lumber to a third person, thereby causing a loss to plaintiff of the sum of $4,762.50.

The curator ad hoc, appointed to represent the nonresident defendant, filed an exception to the jurisdiction of the court, on the ground that no property belonging to the defendant had been seized, either directly under the writ or through garnishment process.

From a judgment maintaining this exception and dismissing its suit, plaintiff has appealed.

It is clear from the answers of Otis Manufacturing Company, garnishee, that no property, rights, or credits belonging to defendant were seized or levied upon in its hands either under the first or second garnishment proceedings had against this company.

The answers of the Otis Company were not traversed by plaintiff.

It is disclosed by the answers of the Hartwig Moss Insurance Agency, Limited, also made garnishee, that it had in its possession, as agent, certain checks or drafts payable to the order of the defendant, which had been delivered to it for delivery to the defendant by the Equitable Assurance Company of New York, Glens Falls Insurance Company, New Brunswick Fire Insurance Company of New York, and Globe & Rutgers Fire Insurance Company of New York.

Plaintiff then sought to make the above insurance companies, drawers of these checks or drafts, parties garnishees, by serving interrogatories on the secretary of state at Baton Rouge.

Each of these companies answered, through its agent, substantially that it had been indebted unto defendant, but that the amount had been paid by it and a draft issued in the name of the defendant, and mailed to its agent, Hartwig Moss Insurance Agency of New Orleans, La., and that the drafts were then in the hands of its agent.

Each of these companies further answered that it was not indebted to defendant in any amount whatever; that, pending the delivery of the drafts to the defendant, he had as-

signed his claim to Ernesto Rivera; and that notice was received by it to that effect prior to the service of the interrogatories on garnishee; and that therefore the amount it owes defendant now belongs to Ernesto Rivera, and that it owes defendant nothing.

Each of the companies further stated that written notice of the assignment was served on Thomas W. Waters, representative of the Hartwig Moss Insurance Agency, its agent at Bluefields, Nicaragua, prior to service of interrogatories on garnishee.

The answers of the garnishees to these interrogatories were not traversed by plaintiff.

Section 16 of Act 64 of 1904, the Negotiable Instrument Law, provides that:

"Every contract on a negotiable instrument is incomplete and revocable until delivery of the instrument for the purpose of giving effect thereto.

"As between immediate parties, and as regards a remote party other than a holder in due course, the delivery, in order to be effectual, must be made either by or under the authority of the party making, drawing, accepting or endorsing, as the case may be."

It is stated in 8 C. J., verbo Bills and Notes, par. 333, p. 203, that: "No contract arises on a bill or note until delivery of the instrument; and, until such delivery, it remains revocable and unenforceable."

It is also stated in 8 C. J. pars. 338, 340, p. 210, that: " * * * The delivery by the maker to his agent is not a delivery to the payee, the delivery not being complete until delivered by the agent to the payee, or unless he becomes the payee's agent by continuing to hold the note for him by his direction."

"To complete a delivery, and to make it effective, the bill or note must be accepted by the payee or by some one acting for him."

And in 3 R. C. L. par. 42, p. 861, it is said: "And if the maker of a note places it in the hands of a third person merely for delivery to the payee, such third person is the agent of the maker and not of the payee."

It is clear, therefore, that the delivery by these insurance companies to their agent, Hartwig Moss Insurance Agency, was not a delivery by them to defendant of the checks or drafts attempted to be garnisheed herein.

It follows, therefore, that these checks or drafts did not become the property of the defendant merely because they had been placed for delivery to him in the hands of the agent of the drawers, the insurance companies in question.

Clearly, these insurance companies, as drawers of the checks or drafts, had control over the delivery of the same, while these instruments were in the hands of their agent, and, consequently, had the right to recognize and approve the assignment of defendant to Rivera, a third person, and to notify their agent accordingly.

The answers to the interrogatories, made by these companies and their agent, were not traversed by plaintiff within twenty clear days from the date of service on the plaintiff or his attorney of notice of filing of same, as required by Act No. 73 of 1884, which provides that: "Upon the failure of the plaintiff or seizing creditor to file a rule or institute other proceedings as aforesaid, any property, rights or credits in the hands of said garnishee shall, by the mere fact of said failure, be considered as released from seizure under said writ of attachment or of fieri facias, and no proceedings of any nature in said suit shall thereafter be allowed to subject such property, rights or credits in any manner to said writs. * * *"

In construing a similar statute, Act No. 27 of 1877, the court said in Garcia y Leon. v. Louisiana Mutual Ins. Co., 31 La. Ann. 546, that: "All rules or proceedings to traverse, or disprove the answers of a garnishee, either under a writ of attachment, or fieri facias, are prescribed after twenty judicial days from the filing of the garnishee's answers."

See, also, Katz v. Sorsby, 34 La. Ann. 592; David v. Rode, 35 La. Ann. 964.

In Airey & Stouse v. Hoke, 164 La. 998, 115 So. 60, 61, it is said: "The law is that, where the answers of the garnishee are not traversed and disproved, the extent of his liability is to be tested solely by his said answers. Flash v. Norris, 27 La. Ann. 93, citing Oakey v. Miss. & Ala. R. Co., 13 La. 570. And it is only where the answers of the garnishee are an unconditional and unqualified confession of indebtedness to the defendant that judgment can be taken pro confesso against him, the garnishee. David v. Rode, 35 La. Ann. 961; that is, in other words, the liability of the garnishee to the defendant must then clearly appear from his said answers. Edward Thompson Co. v. Durand, 124 La. 381, 50 So. 407."

Plaintiff has attempted, by supplemental and amended petition, to make Ernesto Rivera, assignee of defendant, a party to these proceedings in order to have the assignments made to him by defendant declared to be fraudulent, simulated, and invalid, and to obtain judgment maintaining the writs of attachment issued herein.

▇▇ As plaintiff failed to traverse the answers of these garnishees within the delay prescribed by Act No. 73 of 1884, the liability of the garnishees must be fixed solely by their answers, which show clearly that they owe defendant nothing. Besides, this act in express terms prohibits the institution by plaintiff of

the proceeding in which he has attempted to attack the assignments made by defendant to Rivera, and to maintain the attachment, after plaintiff's failure to traverse seasonably the answers of the garnishees.

There was no personal service made upon defendant, a nonresident. In this case no property belonging to him has been seized or levied upon within the territorial jurisdiction of the lower court.

▇ It follows, necessarily, that the civil district court for the parish of Orleans was without jurisdiction, and that the exception to that effect, filed by the curator ad hoc, was well founded and properly maintained. Pugh v. Flannery, 151 La. 1063, 92 So. 699.

Judgment affirmed.