## JOHNSON v. BOLT (HERNDON, Garnishee).*
### No. 4444.

Court of Appeal of Louisiana.
Second Circuit.
March 6, 1933.

Herndon & Herndon, of Shreveport, for appellant.

John B. Files and Bryan E. Bush, both of Shreveport, for appellee.

TALIAFERRO, Judge.

The facts of this case and the issues disclosed by the record are fully set out in the opinion of this court denying the motion of plaintiff to dismiss the appeal. See 144 So. 296. We will not incumber the record by repetition of these facts, nor of the pleadings, save in so far as may be necessary to the present opinion.

We held in our opinion on the motion to dismiss, supra, that the garnishee had not unqualifiedly confessed to possession of any amount of money due to Mrs. Bolt, defendant, that was subject to seizure, and that the extent of the garnishee's liability is to be tested from his answers to the interroga-

*Rehearing denied March 31, 1933.

tories when the truth of those answers has not been disproved. The answers of the garnishee disclose that he does have in his hands $752 which was awarded to Mrs. Bolt, as a widow in necessitous circumstances, by judgment of the district court for Caddo parish, which, on appeal, was affirmed by this court in 19 La. App. 135, 138 So. 897. These answers fully disclose the nature and history of the ownership of Mrs. Bolt of the money held by the garnishee, and to some extent are argumentative of legal questions presented, and which we are now called upon to decide.

■ The first proposition advanced by garnishee is that, since no attempt has been made to traverse his answers to the interrogatories propounded to him, the garnishment process lapsed, and the garnishee was released. He cites Garcia y Leon v. Louisiana Mut. Insurance Company, 31 La. Ann. 546; David v. Rode, 35 La. Ann. 961; Germania Savings Bank v. Peuser, 40 La. Ann. 796, 5 So. 75, and Nelsen & Company v. Rodriguez, 172 La. 14, 133 So. 347.

These cases, and many others, hold that if the answers of the garnishee are conditional or qualified, or disclose an unqualified denial of liability to defendant, a rule to traverse must be filed within 20 days, as provided by Act No. 73 of 1884, to prevent the property, rights, or credits in the hands of the garnishee from being automatically released. It is in that class of cases where the introduction of evidence is necessary to fix the liability of the garnishee, that a rule to traverse is necessary. It might happen that a garnishee would not know, as a matter of fact, whether he really was due defendant any amount, or held property of which he was the owner, and, in order to protect himself, he would submit such answers as to require evidence to support or negative them, or the conclusions he may have drawn from his knowledge of the facts, in order to determine his liability to defendant, if any existed. In such circumstances, a rule to traverse the answers of the garnishee would be the appropriate procedure to test the matter out.

In the present case, the garnishee admits he has $752 in his hands, not the property of defendant, individually, but hers as usufructuary, under article 3252 of the Civil Code. He then gives in detail the history of the litigation had prior to her being finally adjudged entitled to said amount, and without the giving of security for its return. 19 La. App. 135, 138 So. 897.

A rule to traverse the garnishee's answers might have been the better procedure to put the issue involved squarely up to the court, but our appreciation of the law applicable to this case leads to the conclusion that such a procedure was not indispensable to the holding in effect of the garnishment process. We think the record contains proof of all the pertinent facts without the necessity of the introduction of further evidence.

Plaintiff argues that on the face of the record, the amount in the hands of garnishee belongs to Mrs. Bolt in reality as owner, and not as usufructuary, and further contends that in effect and to all intents and purposes the garnishee's answers amount to nothing more nor less than that he holds for her individually the amount disclosed by his answers; that such answers in effect amount to a confession of liability.

■ That part of Act No. 255 of 1852, providing for a homestead for the widow and heirs of the deceased husband and father, left in necessitous circumstances, now a part of article 3252 of the Civil Code, which bears directly upon the nature of the possession and ownership of the fund therein mentioned, reads as follows:

"The surviving widow shall have and enjoy the usufruct of the amount so received from her deceased husband's succession, during her widowhood, which amount shall afterwards vest in and belong to the children or other descendants of the deceased husband."

The act of 1852 gives the beneficiaries therein named the right to "demand and receive" by preference, a certain sum from the succession of the deceased, and, in case of the widow, plainly says she shall only have the usufruct of the amount during her widowhood. This right is not one of inheritance, but simply is in the nature of a gratuity, designed to provide a homestead or subsistence to those whose condition brings them within the beneficent provisions of the statute. In Succession of Robertson, 28 La. Ann. 832, it was held that, where the widow dies without making claim to the "homestead privilege," the right lapsed and her heirs could not successfully make claim for the amount; that the privilege was not heritable; and in Franek v. Brewster, 141 La. 1031, 76 So. 187, 188, the court held:

"After a widow has married again, she is not entitled to demand and receive in her own right from the succession of her deceased husband the $1,000, of which, as a widow in necessitous circumstances, she was entitled to the usufruct during her widowhood."

In the course of this opinion, page 1046 of 141 La., 76 So. 187, 192, Justice O'Niell, the organ of the court, used this language which throws light on the question before us:

"The law allows the widow in necessitous circumstances to demand and receive from the succession of her husband $1,000, and to enjoy the usufruct thereof only during her widowhood; after which, the law declares, the amount shall belong to the children or other descendants of the deceased husband. R. C. C. art. 3252; R. S. §§ 2369, 2885, 3686; Act No. 255 of 1852, p. 171."

■ The statute is so free from ambiguity that it requires no interpretation to fix its meaning. The widow receives the amount from her husband's succession as usufructuary, and, when her widowhood ceases, the amount, in full ownership, vests in the children or other descendants of the deceased. The naked ownership of the amount continues, during the period the widow has the usufruct of it, in the heirs of the deceased.

It is contended by plaintiff that the ruling in Welsh v. Welsh, 41 La. Ann. 717, 6 So. 551, gives to the widow, where there are no minor heirs of the deceased husband, the complete ownership of the amount she is entitled to demand and receive under article 3252 of the Civil Code. We do not think this case authority for this position. This case holds that such widow is dispensed from giving bond for the return of the amount so received by her, because there were no minor heirs of the husband. Her right, primarily, to demand and receive the amount is based upon two conditions, viz.: (1) That she is the widow of the deceased; and (2) that she is in necessitous circumstances. When these conditions are shown, then she has the right to receive the amount in the capacity of usufructuary, and not as heir or owner.

Usufruct is defined by article 533 of the Civil Code to be:

"* * * The right of enjoying a thing, the property of which is vested in another, and to draw from the same all the profit, utility and advantages which it may produce, provided it be without altering the substance of the thing. The obligation of not altering the substance of the thing takes place only in the case of perfect usufruct."

Article 535. "Perfect usufruct does not transfer to the usufructuary the ownership of the things subject to the usufruct; the usufructuary is bound to use them as a prudent administrator would do, to preserve them as much as possible, in order to restore them to the owner as soon as the usufruct terminates."

Article 536. "Imperfect usufruct, on the contrary, transfers to the usufructuary the ownership of the things subject to the usufruct, so that he may consume, sell or dispose of them, as he thinks proper, subject to certain charges hereinafter prescribed."

■ It will be noted that the imperfect usufruct transfers to the usufructuary the ownership of the things subject to it, but such transfer is "subject to certain charges hereinafter prescribed."

Article 549 of the Civil Code defines the duty and fixes the responsibility of the usufructuary in cases of imperfect usufruct. It reads:

"If the usufruct includes things, which cannot be used without being expended or consumed, or without their substance being changed, the usufructuary has a right to dispose of them at his pleasure, but under the obligation of returning the same quantity, quality and value to the owner, or their estimated price, at the expiration of the usufruct."

This article contains one of the "charges" which follow things, the object of imperfect usufruct, into the hands of the usufructuary; at the expiration of the usufruct, the thing consumed or expended must in "quantity, quality and value" be returned to the owner. The word "ownership" used in article 536, supra, has not the far-reaching significance attached to it in ordinary parlance, nor by article 488 of the Code. The ownership referred to is defined by the Code as being imperfect. Such ownership is terminable at a certain time or on a condition. Civ. Code, art. 490.

■ It has been repeatedly held that money is the subject of imperfect usufruct. Gryder's Heirs v. Gryder, 37 La. Ann. 638; In re Jones, 41 La. Ann. 620, 6 So. 180; Kahn v. Becnel, 108 La. 296, 32 So. 444; Succession of Block, 137 La. 302, 68 So. 618; In re Courtin, 144 La. 971, 81 So. 457.

■ It has also been held that promissory notes and other negotiable paper in the hands of the usufructuary are governed by the laws relative to imperfect usufruct. Succession of Blancand, 48 La. Ann. 578, 19 So. 683; Miguez v. Delcambre, 125 La. 176, 51 So. 108; Succession of Block, 137 La. 302, 68 So. 618.

The usufruct involved in these cases was that established by article 916 of the Civil Code in favor of the surviving spouse over the interest of the heirs of the deceased in the community property. In all these cases it is held that the usufructuary may consume or expend the things subject to imperfect usufruct, with the obligation to account for the heirs' interest therein at termination of the usufruct.

■ If the surviving mother and father are held to account to their own children for his or her stewardship as usufructuary, certainly the widow who receives under article 3252 of the Code should be held to account, at the end of her widowhood, for the heirs' property she has received and used.

■■ In view of the above-mentioned articles of the Code, and of the decisions of the Supreme Court referred to, we hold that things, the object of or comprehended within an imperfect usufruct, are not subject to seizure, under execution, to satisfy the debts or obligations of the usufructuary. To hold otherwise, aside from the clear meaning of the Code to the effect that the perfect ownership of the objects of imperfect usufruct being not vested in the usufructuary, would be destructive of the humane purposes of the law. It was the intention of the Legislature,

in adopting Act No. 255 of 1852, to provide means to prevent the widow and minor children of a deceased husband and father becoming dependent, perhaps upon charity, for subsistence. To allow seizure and sale of the objects of this usufruct would be to permit the creditors of the widow or children to reap an advantage which was denied the creditors of the deceased himself. The amount is allowed taken from the succession of the deceased, to the prejudice of all his debts, except vendor's lien, conventional mortgages, and costs of selling the succession property, and its use bestowed upon the widow or children. It seems to us to be absurd, as well as grossly inequitable, in such circumstances, to subject the money to the debts of a widow the moment it has been taken from the creditors of the deceased.

We think the judgment of the lower court erroneous; and it is hereby ordered, adjudged, and decreed that same be, and is hereby, annulled, reversed and set aside; the garnishment proceedings herein are dismissed, and the money received by Mrs. Mary C. Bolt, as usufructuary, from the succession of William H. Bolt, deceased, is held to be exempt from the seizure attempted herein. Plaintiff is cast for all costs.

MILLS, J., recused.