OAKEY ET. AL. *vs.* MISSISSIPPI AND ALABAMA RAILROAD COM-
PANY, ET. AL.

APPEAL FROM THE COURT OF THE FIRST JUDICIAL DISTRICT, JUDGE
BUCHANAN PRESIDING.

On an appeal from an order making a rule absolute, requiring garni-
shees to pay money and effects due by them to the defendant, over to
the sheriff, subject to the order of court : *Held*, that no answer to the
rule in writing is required. Their liability is to be tested by their
answers to interrogatories.

An attaching creditor cannot compel the garnishee to pay a debt due by
him as such into court, even after judgment against the defendant.

The order in which previous attachments are to be paid, must be first
ascertained before the last attaching creditor can obtain judgment against
the garnishee.

This is an action instituted by attachment on fifteen promis-
sory notes, issued by the defendants at their banking house
in the town of Brandon, in the state of Mississippi, commonly
called bank notes, amounting to eleven thousand dollars ;
and property, money and effects attached, in the hands of
Harris, Lyons & Co., E. Yorke, and J. Minturn, in New-
Orleans, to a very large amount, who were summoned as
garnishees. They answered the interrogatories propounded
to them, touching the property and effects of the defendants
in their hands fully, and stated that several other attachments
had been previously levied on the same property.

EASTERN DIST.    On the 9th January, 1839, the plaintiffs had judgment
*May*, 1839.    against the defendants for the amount of their claim, which
OAKEY ET AL.    was signed on the 12th; on the 11th January, they
*vs.*    took a rule on the garnishee to show cause why they should
MISS. AND ALA.
R. R. CO. ET AL.    not pay over to the sheriff, to be held subject to the order of
court, the amount of property, goods, rights, credits, moneys
and effects, which they confessed by their answers to interro-
gatories to be in their hands as garnishees, belonging to the
defendants.

On the day fixed, the parties appeared and the rule was
tried; and after hearing arguments of counsel, it was made
absolute; and the garnishees appealed.

*G. B. Duncan*, for the plaintiffs, contended, that the appeal
should be dismissed, because the judgment was not such a
one as authorized an appeal. No appeal lies from an order,
or judgment requiring garnishees to pay money into court;
especially when they, by their answers, confess that it is in
their possession. *Code of Practice*, 567.

2. The garnishees acknowledge there is a large amount in
their hands of property, effects and moneys belonging to the
defendants, but which is attached by various creditors. The
plaintiffs, therefore, have the right to protect their interests,
and have these funds and effects placed in the hands of the
sheriff, subject to such order as the court shall make in the
case. This they have a right to require; at least to have a
sufficient amount placed within the protection of the court to
meet their demand and to pay all prior attaching creditors.

*Strawbridge* and *Peirce*, for the appellants, insisted that
garnishees were not required to pay over moneys or effects in
their possession which were contested among creditors, until
it was finally settled contradictorily with the contending
creditors, to whom payment was to be made and the amount
thereof.

2. The garnishees are expressly authorized to keep posses-
sion of the property attached until the end of the contest.
*Code of Practice*, 257.

*Rost, J.*, delivered the opinion of the court.

The plaintiffs proceeded against the defendants by attachment, and prayed that Edward Yorke and John Minturn might be cited as garnishees, and compelled to answer certain interrogatories contained in their petition. The garnishees answered, and filed with their answer their general account current with the defendants, showing a balance of sixty-one thousand seven hundred and thirty-two dollars eighty-six cents, due in money by the said garnishees to the said defendants, at the time the attachment was levied. They further answered that they had sold six hundred and sixty-two bales of cotton, delivered to them by order of the district court as the property of the defendants, the proceeds to be held subject to the order of the court, in four previous attachments, upon claims amounting together to forty-two thousand five hundred dollars, which proceeds had not yet come to their hands, but would probably amount to the further sum of twenty thousand dollars. They finally stated that previous attachments, which they particularly described, had been levied upon the said balance due and cotton, for claims against the defendants, amounting together to eighty three thousand five hundred and sixty-four dollars thirty-four cents.

Eastern Dist.
May, 1859.

OAKEY ET AL.
vs.
MISS AND ALA.
R. R. CO. ET AL.

The debt due by the garnishees and the credits in their hands were attached; and the plaintiffs having obtained a judgment against the defendants, took a rule upon the garnishees to show cause why they should not pay over to the sheriff of the parish of Orleans, to be held subject to the order of the court, the amount of property, goods, rights, credits, moneys and effects, by them in their answers as garnishees, confessed to be in their possession, belonging to the defendants, on the ground that the plaintiffs having attached said property, had thereby an interest therein which they wished to protect by all legal means.

The garnishees filed no answer to the rule, but they appeared by counsel on the day fixed for the return, and it was tried contradictorily with them. The court made the rule absolute, and the garnishees, John Minturn and Edward Yorke, after an unsuccessful attempt to obtain a new trial, took the present appeal.

Eastern Dist.
*May*, 1839.

Oakey et al.
*vs.*
Miss. and Ala.
R. R. Co. et al.

On an appeal from an order making a rule absolute, requiring garnishees to pay money and effects due by them to the defendant, over to the sheriff, subject to the order of court: *Held*, that no answer to the rule in writing is required. Their liability is to be tested by their answers to interrogatories.

An attaching creditor cannot compel the garnishee to pay a debt due by him as such into court, even after judgment against the defendant.

The order in which previous attachments are to be paid, must be first ascertained before the last attaching creditor can obtain judgment against the garnishee.

Our laws do not require an answer in writing to rules taken against garnishees. Their appearance by counsel on the day of the trial is sufficient, and was so held by the court below.

The extent of their liability is to be tested by their answers to interrogatories, when the truth of those interrogatories has not been disproved.

It is not shown that the proceeds of the cotton sold by the garnishees had come to their hands, and until that fact was established, no rule could be made absolute against them for that part of the effects attached. Article 257 of the Code of Practice, provides that the sheriff must take charge and keep possession of all the goods and effects which he may have attached, with the exception of such sums of money as may be due by the garnishee. Whatever the sheriff is directed to take into his possession, may probably be ordered to be brought into court; but this does not extend to the amount of a debt due by the garnishee. It is a safe rule to adopt, that the attaching creditor does not acquire greater rights against the garnishee than the defendant himself possesses; and as the defendant in an action against the garnishee for a debt due, could not compel him to bring the sum claimed into court, even after judgment, the attaching creditor cannot enjoy that privilege.

Where the garnishee is about to leave the state, he may, under certain circumstances, be arrested and held to bail, as other defendants; and the law places it in his power to release himself by giving security or by depositing the funds in court. Under the judgment rendered in this case, the situation of the garnishee would be worse than if he had been held to bail; for he could not give security, but must bring the money into court, there to await the inevitable delays of the law; and the sum which he is ordered to bring into court, is ten times as much as would suffice to pay the plaintiffs' claim.

We are of opinion this cannot be done: The plaintiffs were fully informed of the previous attachments, and the order in which those attachments are to be paid, must be

ascertained before they can obtain judgment against the

garnishee; under those judgments they must proceed as they would have to do against any other defendants.

It is, therefore, ordered, adjudged and decreed, that the judgment of the district court be avoided and reversed, the rule dismissed, and the case remanded to be proceeded in according to law, the plaintiff and appellees paying the costs of this appeal.

*Eustis J.*—I assent to the judgment of the court in this case, reversing the judgment of the district court, but not to all the reasons on which the opinion is founded.