## SUCCESSION OF JAMES HUNTER.

The husband cannot by testamentary disposition defeat the effect of the Act of 1852, " to provide a
  homestead for the widow and children of deceased persons."

The claim of the widow is a privileged debt.

When there are no descendants of the husband, the amount due to the widow is received by her in full
  property, and she is not bound to give security.

APPEAL from the Second District Court of New Orleans, *Morgan*, J.
  *J. & E. Bermudez*, for executors.   *E. Filleul*, for appellant.

COLE, J.   *James Hunter* died, leaving no descendants; many years previous to
his marriage, he executed a will, which constituted *Peter Conrey, Jr.*, his testa-
mentary executor and universal legatee.   The surviving widow of *Hunter* has ap-
pealed from the judgment, and *Conrey* has joined her in the appeal.

1. We are of opinion that the husband cannot, by testamentary dispositions, de-
feat the effect of the Act of 1852, " to provide a homestead for the widow and
children of deceased persons."   Session Acts, 1852, p. 171.   This law entitles the
widow or the legal representatives of the children, to demand and receive from the
succession of their deceased father or husband, a sum, which added to the amount
of property owned by them, or either of them, in their own right, will make up
the sum of one thousand dollars, and which said amount shall be paid, in prefer-
ence to all other debts, except those for the vendor's privilege and expenses in-
curred in selling the property.

The claim of the widow is then a privileged debt, and the testamentary heir can
only demand the balance of the estate, after all debts are paid.

2. As there are no descendants of the husband, the widow is not obliged to give
any security, and the amount due her under the Homestead Act, belongs to her in
full property.   The first section of the Act authorizes the widow or legal repre-
sentatives of the children to receive from the succession of their deceased father or
husband, a certain sum; the second section limits the first section so far as the
widow is concerned, and gives her the usufruct of said sum during her widow-
hood, afterwards to vest in and belong to the children or other descendants of said
deceased; when, then, there are no children or other descendants, the cause of the
limitation does not exist, and the said sum must vest in her in full property by vir-
tue of the first section.

It was settled in the case of *Succession of Antoine Numa Tassin*, 12 An. 885,
that the widow as usufructuary, is bound to give security, but in that case there
were children of the deceased husband in existence, and the question did not arise,
whether when there were no children, the widow was obliged to give security.

3. She is entitled to a decree in her favor for \$193 73⅔, one-half of the com-
munity; and also for \$540 40⅓, balance of the succession, less costs that may be
due by the estate, by virtue of the Homestead Act, in full property and without
giving any security.   C. C. Arts. 552, 551, 532, 553 and 17.

It is, therefore, ordered, adjudged and decreed, that the judgment be so amended
as to give to *Eliza Allen*, widow of *James Hunter*, deceased, in her own right and
full property, one hundred and ninety-three dollars and seventy-three and two-
thirds cents, being one-half of the community; and also in her own right and full
property, five hundred and forty dollars and forty and one-third cents less the costs

33

to which the estate may be liable, without giving any security ; and that any part of the judgment which is opposed to this amendment, be avoided and reversed, and that in all other respects the judgment be affirmed ; and that the costs of this appeal be paid by the estate.