## No. 3706.

PATRICK HALPIN *v.* JOHN L. BARRINGER—W. WOELPER, Garnishee.

The right of a garnishee to appeal for his own protection, has often been recognized by this court.

In this case of Halpin *v.* Barringer, judgment was rendered for plaintiff, and a *fi. fa.* having issued, Woelper was made garnishee. He answered that he had certain funds deposited in his hands, in a certain suit. Upon this answer, judgment was rendered against him. This judgment is wrong.

The judgment in the case in which Woelper was made garnishee, was against Barringer individually, in so far as the record discloses. The money in the hands of the garnishee belonged to a succession, of which Barringer was administrator. It was not liable to seizure in satisfaction of a judgment against him, and the payment of such a judgment would not release the garnishee.

APPEAL from the Eighth District Court, parish of Orleans. *Dibble,* J. *R. Stewart Dennee,* for plaintiff and appellee. *C. E. Whitney,* for Woelper, garnishee and appellant.

### ON MOTION TO DISMISS.

Howe, J. A motion to dismiss has been made, on the ground that the appellant, a garnishee, can not appeal. The right of a garnishee to appeal, for his own protection, has often been recognized by this court. 10 M. 568; 13 La. 570; 14 La. 511; 18 La. 405; Semeritt *v.* McNamara, Opinion Book, No. 37, p. 557; State ex rel. Tureaud *v.*

Parish Judge, 23 An. 717. We are not prepared to say that in this case an appeal does not lie under the rule as first laid down in the case in 10 Martin. The case differs from Rochereau *v.* Guidry, this day decided. Motion overruled.

---

### ON THE MERITS.

MORGAN, J. In the case of Halpin *v.* Barringer, judgment was rendered in favor of plaintiff.

*Fi. fa.* issued against Barringer, and Woelper was made garnishee.

He answers that as clerk of the Sixth District Court, he has in his possession and safe keeping, and subject to the order of the Sixth District Court, a check for eleven hundred dollars, which was deposited in the suit of McPhelin, administrator, *v.* John Maskew and als.

Upon this answer judgment was rendered against him. The judgment is wrong.

The judgment in the case in which he was made garnishee, was against Barringer, individually, in so far as the record discloses.

The money in Woelper's hands was money belonging to a succession, of which Barringer was administrator. It was not liable to seizure in satisfaction of a judgment against him.

In his petition, praying for garnishee process, plaintiff alleges that the *fi. fa.* is issued commanding the sheriff to take into his possession the property, real and personal, of Barringer or the succession of McPhelin; but we find no judgment in the record against McPhelin, or the succession of which he seems to have been the administrator, or against his succession. McPhelin, or his succession, or the succession of which he is the administrator, is not responsible for a judgment rendered against Barringer individually, and payment of such a judgment would not release the garnishee.

It is therefore ordered, adjudged and decreed, that the judgment of the District Court be avoided, annulled and reversed, and that there be judgment in favor of the defendant, Woelper, as in case of nonsuit, plaintiff and appellee to pay the costs of this proceeding.