## No. 836.

### ARSENE CORNER v. CESAIRE BOURG.

The plaintiff, in necessitous circumstances, can not be excluded from the benefit of the homestead law, when it is shown that the entire property of herself and the minor is less than $1000.

It being proved that the minor owns $216 95, and she, the widow, $50, she is entitled to the usufruct of $733 05 during her widowhood. Afterwards this sum is to vest in and belong to the minor heir of the deceased.

Whether or not the tutor of the minor has applied for the homestead is immaterial. The plaintiff, who has an interest, has made the application. The destination of the money, after the expiration of the usufruct, is fixed by law, regardless of the question whether the tutor of the minor has made a formal application for the homestead or not.

As the plaintiff is not the mother of the minor, she is not dispensed by article 560 of the Revised Code from giving security for the usufruct of the money.

APPEAL from the Parish Court, parish of Lafayette. *Moss*, J. *M. E. Girard*, for plaintiff and appellee. *Mouton & Debaillon*, for defendant and appellant.

WYLY, J. The plaintiff, the surviving widow of Michel Bourg, being in necessitous circumstances, opposed the account of the defendant, the administrator of her husband's succession, on the ground that she is entitled to $1000 under the homestead law. Revised Statutes, 1693, 1694. The court found that she only possessed, in her own right, property of the value of $50, and gave her judgment for $950. The defendant appeals. He claims in this court a reversal of the judgment:

*First*—Because there is a minor of the deceased by a previous marriage who is entitled to the homestead in preference to the plaintiff, his stepmother.

*Second*—Because, if the surviving widow is entitled to the homestead, it can only be for the usufruct of $733 05, the minor owning property of the value of $216 95, and she $50.

The plaintiff, in necessitous circumstances, can not be excluded from the benefit of the homestead law because it is shown that the entire property of herself and the minor is less than $1000. She is entitled, under sections 1693 and 1694 of the Revised Statutes, and the proof in the record, to the usufruct of $733 05 during widowhood, afterwards this sum to vest in and belong to Theovide Bourg, the minor heir of

the deceased.   As the major heirs have no interest it is useless to consider the amount of their property.   It can have no bearing in determining the amount of the homestead to be allowed in this case.

Whether or not the tutor of the minor has applied for the homestead is immaterial.   The plaintiff, who has an interest, has made the application.   She can recover, however, only what the law allows, which is, in this case, a usufruct during widowhood of $733 05; afterwards, under the express provision of section 1694 of the Revised Statutes, this money must pass to and vest in the minor heir of the deceased. The destination of the money, after the expiration of the usufruct, is fixed by law, regardless of the question whether the tutor of the minor has made a formal application for the homestead or not.

As the plaintiff is not the mother of the minor, she is not dispensed by article 560 of the Revised Code from giving security for the usufruct of the money.   Succession of Tassin, 12 An. 885.

It is therefore ordered that the judgment herein in favor of plaintiff be amended to read as follows: It is ordered that plaintiff recover of the defendant $733 05, to be held in usufruct during widowhood, afterwards to vest in and belong to Theovide Bourg, the minor heir of Michel Bourg, deceased.   As thus amended it is ordered that the judgment be affirmed, appellee paying costs of appeal.