No. 7094.

SUCCESSION OF JOHN DURKIN. OPPOSITION OF MORTGAGE CREDITORS.

Where a necessitous widow dies, without having received her portion of $1000, under the act of 1852, her *major* heirs can not claim that portion from the husband's succession. Only her children, and her remoter descendants who are *minors* and necessitous, are entitled to claim such portion.

APPEAL from the Second District Court, parish of Orleans. *Tissot, J.*

*Charles Luzenberg* for the succession.

*Charles E. Schmidt* for James McCracken, appellee.

*H. G. Morgan* and *W. H. Hunt* for opponents and appellants.

The opinion of the court was delivered by

MANNING, C. J. The sale of John Durkin's property, which consisted only of certain lots in this city, realized, with a small sum for rents, seventeen hundred and forty dollars. The privileged claims, which by the way are ranked as 'ordinary' on the tableau of debts, amount to $394.50, and with taxes, and some debts, really ordinary claims, and a mortgage debt, swell the total indebtedness to near two thousand dollars, of which the mortgage alone is $1230 principal. The succession is therefore insolvent.

Durkin left a widow in necessitous circumstances, and four children, all majors. Very shortly after his death, his widow also died. The tableau of distribution, filed by his administrator, proposed that out of the assets, the privileged creditors should be first paid, and the

residue should be applied to the extinction *pro tanto* of the mortgage debt. The major heirs opposed this distribution, alleging that their mother, being a widow in necessitous circumstances at the moment of their father's death, became thereby *eo instanti* entitled to one thousand dollars, as the widow's portion under the act of 1852, which upon her death shortly thereafter descended to her heirs.

The act of 1852 was not only carelessly and obscurely drawn. It was misnamed in its title, as providing a "homestead." A more fitting and descriptive designation is an act providing the necessitous widow's portion of her husband's estate.

We have before said, the right of a widow and minor children of a decedent to this Portion vests in them at the moment of his death. White's Suc. 29 Annual, 702. It is now contended that having thus vested in the widow, the right to this portion became so absolute that her children inherited it from her. Thus a new question is presented, viz whether the major heirs of the necessitous widow, who has not received her portion under the act of 1852, can claim it as her heirs from the husband's succession. It is obvious that they can not.

The argument of counsel has confounded the rights, secured to necessitous minor children by that act, with the supposed rights of inheritance of the widow's children. These opponents are majors. The law is;—whenever the widow or *minor* children of a deceased person shall be left in necessitous circumstances     *     *     the widow or the legal representatives of the children shall be entitled to demand and receive from the succession of their deceased father or husband     *     *     *     one thousand dollars     *     *     and the surviving widow shall have and enjoy the usufruct of the money     *     *     *     afterwards to vest in and belong to the children or other descendants of the deceased.

The 'children,' meant throughout the Act, are those descriptively mentioned in the first clause as the 'minor children of a deceased person,' for whose benefit alone the bounty provided by the act was intended. Of course we understand the word children here as having the largest import, and as including grandchildren and other descendants, who are minors.

Much stress is laid in the argument upon the fact that the widow never exercised, nor attempted to exercise, the right conferred by the act, and that in consequence, it expired with her. This argument was probably suggested by the circumstance that the phraseology of the law has been supposed to have some special significance when it uses the words, shall be entitled to receive, instead of shall receive. Robertson's case, 28 Annual, 832.

Succession of Durkin.

We do not rest our construction of the act upon so narrow a basis, nor do we think the widow's omission to claim her portion a matter of any consequence. Her omission has no effect beyond the personal one of non-enjoyment of the bounty. It can not prejudice the rights of others, but as we have seen, the only other persons who are participators with her of the bounty are the minor children, and her right is only usufructuary, and expires with her life.

The true meaning of the act is best discovered by inquiring what purpose the legislature had in view in passing it. Unmistakably, it was to give to the necessitous widow some immediate help from her husband's estate, the enjoyment of which lasted during her widowhood, and on its termination, the bounty thus given was to vest, not in the deceased's heirs of every description, but only in his descendants, who should be minors.

In the present case the opponents do not claim this portion of John Durkin's estate as his heirs, or children, but their pretensions are manifestly based on the idea that thus much of his estate was severed from it, and became the property of Helen Durkin at the moment of his death, and she now being also dead, that they have succeeded to her right by inheritance.

Here again the intent of the act furnishes the clue to its proper understanding. The bounty was designed to accomplish a particular purpose, i. e. the relief of the widow's necessities primarily, and as a secondary and remoter result, a beneficence to the minor children. No one else is cared for. 'Whenever the widow, or minor children, of a deceased person are left in necessitous circumstances,' are the only two contingencies, upon the happening of which, the law permits this specific sum to be taken away from that fund it had previously consecrated to a purpose, equally sacred with that of taking care of wife and children, viz the payment of one's debts.

The widow's portion was not used nor consumed by her. There were no minor children, or minor descendants of any kind, who would have been entitled to it at the widow's death. It therefore remained in the succession of the deceased husband, to be appropriated to the payment of his, and his succession's debts, and so the lower court adjudged.

Judgment affirmed.