No. 1075.

In the Matter of the Succession of Mrs. E. Geisler.   On Opposition
of L. Rombach, Tutor, etc.

A minor is not entitled, under the homestead law, to the $1000, from the succession of his
grandmother.   Decision in Succession of Coleman, 27 An., 289, overruled.

APPEAL from the Nineteenth Judicial District Court, parish of St.
Mary.   *Goode, J.*

---

D. Caffery for Appellant.

A minor grandchild of a deceased person cannot be said to be in neces-
sitous circumstances when the father of the child is living, robust,
and with a good trade, and supports and educates the child.

All homestead grants and exemptions being in derogation of common
rights, must be strictly construed.

Wilson & Connella for Appellee.

---

The opinion of the Court was delivered by

Fenner, J.   Opponent in this case, as natural tutor of his minor.
child, claims $1000 from the insolvent succession of the deceased
grandmother of the child, under the provisions of article 3252 of the
Revised Code.   That article confers upon " the widow or minor children
of a deceased person, left in necessitous circumstances," no other right
whatever except the right " to demand and receive from the succession
of their *deceased father or husband* a sum which, added to the amount
of property owned by them, or either of them, of their own right, will
make up the sum of $1000, which said amount shall be paid in prefer-
ence to all other debts, except those for the vendor's privilege, and
expenses incurred in selling the property.".

The meaning ·of the article, so far as it designates the succession
against which the demand may be made, is as clear as language can
make it.   To translate a vigorous French expression, it "jumps to the
eye."   It is " from the succession of their deceased father or husband."
The minors would have no more right to claim the amount from . the
succession of their deceased mother than from the succession of their
deceased aunt.   Yet here we have a minor child, whose father is living,
claiming this bounty from the succession of the mother of his mother.

The motive of the law is equally transparent.   It is to save the
widow or minors from absolute destitution upon the loss, by death, of
their natural supporter and protector.   We admit that, upon the death
of a widowed mother, the reason of the law would equally apply to her
minor children dependent on her for support; but, even in that case, the

language of the law is too clear to permit their claim against her succession.

The case at bar, however, is in no respect within either the letter or spirit of the law.

We take it for granted the learned judge *a quo* considered himself precluded from opening this question by the decision of this Court in the case of the Succession of Coleman, 27 An. 289. That decision is without foundation in law or reason, and presents no ground for the application of *stare decisis.* We, therefore, overrule it.

It is, therefore, ordered, adjudged and decreed that the judgment appealed from be annulled, avoided and reversed, and that the opposition of Laurence Rombach, natural tutor of his minor child, George Emile, be overruled and dismissed, opponent paying costs in both courts.

#### ON APPLICATION FOR REHEARING.

Our inadvertence in omitting to pass on the motion to dismiss in our opinion rendered herein is of no consequence; since the appeal being from a judgment homologating a tableau of distribution wherein the fund to be distributed far exceeded $1000, it was within our jurisdiction under the express terms of the Constitution, article 81.

The rehearing applied for is, therefore, refused.