### No. 8829.

SUCCESSIONS OF ADOLPHE VIVES AND ELEANOR HÉBERT, HIS WIFE.

Where a man dies leaving a widow in necessitous circumstances and an insolvent estate, and the widow dies without claiming the $1,000 reserved to her by law, and the children of the deceased are all majors, but there are minor grandchildren of the deceased, the offspring of a daughter who died previously to them, these grandchildren are entitled to the $1,000 from the succession, in preference to the major heirs or creditors.

APPEAL from the Twenty-third District Court, Parish of Iberville. Cole, J.

*E. D. Talbot* for Opponents and Appellants:

1, " When a necessitous widow dies without having received the portion of $1,000, under the Act of 1852, her major heirs cannot claim that portion from the husband's succession. Only children, and her remoter descendants, who are minors and necessitous, are entitled to claim such portion." 30 An. p. 669, Vol. 1.

2. Grandchildren under the tutorship of their father, a strong, healthy person, cannot be regarded as in necessitous circumstances, and claim said portion under the Act of 1852, the principle being identical with that laid down in 30 An. p. 1130.

3. Evidence in support of claims in the administrator's account should be taken in writing and annexed to the record.

*David N. Barrow,* contra.

---

## On Motion to Dismiss.

The opinion of the Court was delivered by

Todd, J.  This controversy grows out of an opposition to the final account of the administrator of these successions.

The opponents, creditors of the deceased, are appellants from a judgment dismissing their oppositions.

There is a motion to dismiss the appeal on the ground of want of jurisdiction *ratione materiæ.*

The fund to be distributed by the account exceeds one thousand dollars, and is still in the hands of the administrator, and the distribution of the entire amount is regulated by the judgment.  We have, therefore, jurisdiction.  Constitution, Art. 81.

The case does not come within the scope of any of the decisions cited by the appellees' counsel.

Motion to dismiss is, therefore, overruled.

---

## On the Merits.

The facts are these:

Adolph Vives died in 1870 and his wife, Eleanor Hébert, in 1871. Emile Poché, administrator of their successions, filed his final account of his administration.  In this account, after paying certain privilege debts, he proposed to turn over the balance to the heirs of the deceased.

These heirs were all majors, except the three children of Cecelia Vives, who died before her parents.

In the proposed distribution, the minors were to receive one-fourth of the estate, the share of their deceased mother, and the three major heirs each a like portion.

The administrator, in proposing this distribution, proceeded on the hypothesis that the widow of Adolphe Vives, Eleanor Hébert, being in necessitous circumstances at the death of her husband, became entitled to one thousand dollars from his estate, and which sum became hers

absolutely, and on her death was transmitted by inheritance to her heirs, majors and minors alike.

The account was opposed by the creditors, on the ground that the heirs of Eleanor Hébert—neither the major nor minor heirs—were entitled to any part of said sum. That the same had never come into the possession of the necessitous widow, and if it had, that she would have possessed only as usufructuary, and at her death it would not descend to her children who survived her, because they were all of age, and her grandchildren, though minors, were not entitled under the law to receive the same.

The claims of Barrow & Pope, attorneys for the successions, were opposed as excessive.

This embraced the entire opposition.

There was judgment amending the account, by reducing the fees of Barrow & Pope, making part of the law charges, and directing the balance of the funds, after settling the law charges thus reduced (this balance being less than $1,000) to be paid over to the minor children of Cecelia Vives, the grandchildren of Adolphe Vives and his wife, Eleanor Hébert.

As stated, the opposing creditors have appealed from this judgment. Messrs. Barrow & Pope have moved an amendment to the judgment to the effect of increasing the sum therein allowed them for their professional services. With respect to such amendment it suffices to say, that having carefully examined the record and the evidence bearing on the charges in question, and whilst satisfied that the services were of such a character as, under other circumstances, to entitle the claimants to a more liberal compensation than allowed, yet considering the smallness of the succession and that the entire fund realized from the sale of all the property but little exceeds one thousand dollars, we cannot say that the estimate made by the Judge *a quo* of the fee in this instance was erroneous.

This leaves the only other question for our decision, that relating to the right of the grandchildren of the decedents to receive the amount that their grandmother, Eleanor Hébert, was entitled to claim from the succession of their grandfather, Adolphe Vives.

The Act of 1852, after providing that the widow or minor children of a deceased person left in necessitous circumstances may claim from his estate $1,000, further declares in these words:

" The surviving widow shall have and enjoy the usufruct of the money so received from her husband's succession during her widowhood, afterwards to vest in and belong to the children or *other descendants* of said deceased."

The case of the succession of John Durkin, reported in 30 An. 669,

was quite similar to the instant one.     There the father and husband died.     The widow survived him but a short time, without receiving or claiming the portion of the estate reserved to her as widow in necessitous circumstances.     Upon her death it was claimed by her children of age.     Their claim thereto was rejected.     In the opinion therein delivered, Chief Justice Manning being the organ of the Court, referring to this Act of 1852, uses the following language:

"The 'children,' meant throughout the Act, are those descriptively mentioned in the first clause as 'minor children' of a deceased person, for whose benefit alone the bounty provided by the Act was intended. Of course, we understand the word 'children' here as having the largest import, and as including grandchildren and other descendants."

Considering that the statute provides, in so many words, that upon the death of the widow and usufructuary the money "shall vest in and belong to the children or *other descendants* who are minors," we conclude that the above construction of the law was the proper one. And so concluding, we are of opinion that upon the death of a widow in necessitous circumstances, her own children being all of age, her grandchildren, then minors and also in necessitous circumstances, are entitled to receive what she, their grandmother, could legally claim from the succession.

This was the opinion also of the Judge of the lower court; and finding no error in his judgment, it is affirmed with costs.