(72 South. 423)

No. 21560.

## SUCCESSION OF WATZKE.

(June 30, 1916.)

*(Syllabus by the Court.)*

EXECUTORS AND ADMINISTRATORS ☞180 — SUCCESSION—ALLOWANCE TO "MINOR CHILDREN"—GRANDCHILDREN.

Under Civ. Code, art. 3252, grandchildren have no claim to the $1,000 reserved to "the widow or minor children of the deceased" and payable out of his succession.

[Ed. Note.—For other cases, see Executors and Administrators, Cent. Dig. §§ 655, 671–680; Dec. Dig. ☞180.

For other definitions, see Words and Phrases, First and Second Series, Minor.]

Appeal from Civil District Court, Parish of Orleans; George H. Théard, Judge.

Final accounting in the succession of Alexander Watzke, opposed by Mrs. Pauline Pabst, as tutrix of certain minors. From a judgment dismissing their opposition, said minors appeal. Affirmed.

John P. Sullivan, Edward M. Heath, and W. Catesby Jones, all of New Orleans, for appellants. Joseph Lautenschlaeger, of New Orleans, for appellee.

LAND, J. Alexander Watzke died intestate in the city of New Orleans on August 28, 1914. His wife died before him. The decedent left no property except real estate appraised at $3,000. Mrs. Phillihene Watzke, widow of William H. Erslew, a daughter of the deceased, was appointed and qualified as administratrix of the succession.

The property was sold for $2,000 to pay debts, including mortgages, and costs of administration. The administratrix filed her final account, showing total assets, $2,047, and total debits, $1,868.28, leaving a balance of $178.72 for division among the heirs.

The account was opposed by Mrs. Pauline Pabst, widow of Charles Watzke, as tutrix of their two minor children, Elizabeth and Charles, on the ground that they were privileged creditors of the succession in the sum

of $1,000, for the reason that said minors are the children of Charles Watzke, who died in the city of New Orleans on May 26, 1910, and are the grandchildren of the decedent, Alexander Watzke, and who have been left in necessitous circumstances by their deceased father and grandfather.

The said final account was also opposed by Mrs. Sophie Watzke, wife of Henry Widner, claiming to be a creditor of the succession in the sum of $900, with interest.

The cause was tried, and judgment was rendered, dismissing the opposition of the natural tutrix of the minors, Elizabeth and Charles, and maintaining the opposition of Mrs. Sophie Watzke, and, as thus amended, homologating the account of the administratrix.

The tutrix of said minors have appealed. Appellants contend that they as "minor grandchildren are entitled to the $1,000 allowed by article 3252, R. C. C., in their own right, in the succession of their grandfather, when left in necessitous circumstances, and when at the time of their grandfather's death, their grandmother and their father are predeceased."

Our learned Brother below overruled this contention. Said article, as far as relevant, reads as follows:

"Whenever the widow or minor children of a deceased person shall be left in necessitous circumstances, and not possess in their own right property to the amount of $1,000, the widow or legal representatives of the children shall be entitled to demand and receive from the succession of the deceased husband or father a sum, which added to the amount of property owned by them or either of them, in their own right, will make up the sum of $1,000, and which amount shall be paid in preference to all other debts, except those for the vendor's privilege and expenses incurred in selling the property. The surviving widow shall have and enjoy the usufruct of the amount so received from her deceased husband's succession, during her widowhood, which amount shall afterwards vest in and belong to the children or other descendants of the deceased husband."

In this case the decedent left no widow or minor children. Appellant, however, contends that the term "children" as used in said article includes "grandchildren," citing C. C. art. 3556, par. 8, reading as follows:

"Children—Under this name are comprehended, not only the children of the first degree, but the grandchildren, greatgrandchildren, and all other descendants in the direct line."

But article 3252 uses the term "children" in connection with other words and phrases which qualify its general meaning. The benefits of the homestead are restricted to the widow or minor children of a deceased person, whenever they shall be left in necessitous circumstances, and the article provides that "the widow or legal representatives of the minors shall be entitled to demand and receive from the succession of the husband or father," the sum of $1,000, less property owned by them or either of them. The article treats the "minor children" and the "widow" as having a joint interest in the homestead, and gives her the usufruct for their benefit. This indicates that the "minor children" referred to are the children of the husband.

Hence it would seem that the text of the article does not embrace a grandfather or a grandchild. The article confers an extraordinary privilege on widows and minor children, and laws granting privileges are always strictly construed.

In an analogous case, this court held that "minor children" do not include grandchildren who are minors. Walker v. Vicksburg, S. & P. Ry., 110 La. 718, 34 South. 749.

In the matter of the Succession of Geisler, 32 La. Ann. 1289, it was held that a minor is not entitled, under the homestead law, to the $1,000 from the succession of his grandmother, overruling case of Succession of Coleman, 27 La. Ann. 289. This court pointed out that, under the clear text of the law, the demand must be made against "the succession of their deceased father or husband." So reads the law.

In Succession of Vives and Hebert, 35 La.

Ann. 371, the syllabus is misleading. What the court held is thus stated:

"And so concluding, we are of opinion that, upon the death of a widow in necessitous circumstances, her own children being all of age, her grandchildren, then minors and also in necessitous circumstances, are entitled to receive what she, their grandmother, could legally claim from the succession."

This decision is based on certain expressions in the opinion in Succession of Durkin, 30 La. Ann. 669, which closes as follows:

"The widow's portion was not used or consumed by her. There were no minor children, or minor descendants of any kind, who would have been entitled to it at the widow's death. It therefore remained in the succession of the deceased husband, to be appropriated to the payment of his and his succession's debts, and so the lower court adjudged."

The court in Succession of Vives and Hebert seemed to treat the case as one where the widow's children inherited her rights to the homestead; while article 3252 of the Civil Code, quoted supra, provides that the widow shall enjoy the usufruct of the amount received from her deceased husband's succession, during her widowhood, which amount shall afterwards vest in and belong to the children or other descendants of the deceased husband. If the court in that case had directly decided that the minor grandchild of the decedent had the legal right to claim the $1,000 in the succession of his grandfather, we would still prefer to follow the clear-cut reasoning of Fenner, J., in the Geisler Case, supra.

Article 3252 makes the widow and minor children of the deceased privileged creditors of the succession of the husband or father.

It follows that the "minor children" referred to are those of the deceased, and they, if in necessitous circumstances, became creditors of their father's succession. To interpolate "grandchildren" and "grandfather" in the text would be judicial legislation.

The minors' father was killed in a railroad accident in 1910, and his widow received $500 from the company in a compromise settlement. She still holds this money or its equivalent. Her two minor children are now claiming $1,000 from the succession of their grandfather. Were such a claim allowed, the question would then arise whether the $500 received by their mother should be deducted. And under opponent's contention, it might well happen that minor children might receive $1,000 from the insolvent succession of their father, and afterwards another $1,000 from the insolvent succession of their grandfather. If the courts adhere to the plain letter of article 3252, no such complications can arise.

Judgment affirmed.