No. 4179

Second Circuit

(Second Division)

BOLT v. SUCCESSION OF BOLT

(January 14, 1932. Opinion and Decree.)
(February 16, 1932. Rehearing Refused.)
(March 30, 1932. Writs of Certiorari and
Review Refused by Supreme Court.)

Herndon & Herndon, of Shreveport, attorneys for opponent, appellee.

John B. Files and Bryan E. Bush, of Shreveport, attorneys for defendant, appellant.

DREW, J.    William H. Bolt died in the parish of Caddo on August 21, 1929, leaving a widow and some major children by a former marriage, and two minor grandchildren; namely, A. J. James, Jr., and Emily Jane James.

The succession owed debts, and one of deceased's sons, C. Oscar Bolt, was appointed administrator. The succession property was sold and a provisional account filed and advertised by the administrator, at which time Mrs. Mary C. Bolt, widow of the deceased, filed an opposition to said account, alleging that she was in necessitous circumstances and did not possess in her own right property to the amount of $1,000, or any portion thereof, and that she was entitled to receive from the succession $1,000, to be paid her by preference and priority over all other debts, except the expense of selling the property, as there are no vendor's liens and conventional mortgages. She alleged that she had requested the administrator to place her claim on the provisional account and he had refused. She prays to be recognized as a widow in necessitous circumstances

and to have her claim as such recognized, and the administrator ordered to place her claim on the provisional account and that the $1,000 be paid to her in course of administration by preference over all other debts, except the expense of selling the property.

The Southern Mercantile Company likewise filed an opposition to the account alleging that the amount of its debt, as placed on the provisional account, was less than the true amount due, and likewise opposed the account of J. L. Bolt, as shown on the provisional account.

All the oppositions were tried together and, as there is no appeal from the judgment in the opposition of the Southern Mercantile Company, we are not concerned with it here.

The administrator, in answer to the opposition of Mrs. Mary C. Bolt, denied that she was a widow in necessitous circumstances and alleged that she had received from the succession of William H. Bolt, since his death, the following amounts:

Cash, Shreveport Mutual Benevolent
    Association on November 27, 1929_$229.50
Household furniture, valued at_____ 500.00
Revenues from Lot 1419, Cedar
    Grove Subdivision to the City of
    Shreveport _____ 500.00

and that she had been in possession and received the rent and revenues from Lot 1419, Cedar Grove subdivision, since January 15, 1926, amounting to more than $1,000.

The administrator further alleged that the above lot was originally acquired in the name of Mary C. Bolt, during the existence of the community between her and her deceased husband, thereby becoming community property, and that during the existence of that community, she made a simulated sale to her daughter, Mrs. Ethel G. Russon, without the knowledge or consent of her husband. That no consideration was paid for the sale and that possession remained in Mrs. Mary C. Bolt. He alleged the sale should be set aside and erased from the public records, and should be placed upon the inventory in the succession of William H. Bolt. In the alternative, if the property should be held to have been purchased with the separate paraphernal funds of Mrs. Mary C. Bolt, that the sale is null from Mary C. Bolt to Mrs. Russon, and is the property of Mary C. Bolt, and that it is worth at least $3,500. He prays for citation upon Mrs. Russon that the sale to her of Lot No. 1419, Cedar Grove subdivision, be annulled and ordered placed on the inventory of the succession of William H. Bolt, and in the alternative, that the sale be declared null and held to be the property of Mary C. Bolt, and that if she be held to be a widow in necessitous circumstances, the value of the property and moneys received from the succession since the death of her husband be deducted from the $1,000 allowed her.

Mrs. Russon appeared by counsel and filed an exception of no cause and no right of action. Mrs. Mary C. Bolt also filed an exception of no right of action to contest the title to property in the name of Mrs. Russon in this action, which is an opposition to the provisional account. Mrs. Russon then filed an exception of misjoinder and then answered, denying the deed to be a simulation and affirming the correctness and legality of her deed, alleging that she acquired same from her mother for a just consideration and that her moth-

er acquired it with her separate paraphernal funds.

On the day of trial and before the evidence was taken, the court made the following ruling:

"In so far as the pleadings of the administrator filed in answer to the opposition undertakes to make Mrs. Ethel G. Russon a party to the suit · for the purpose of showing the opponent is the real owner of the property, which stands in the name of Mrs. Ethel G. Russon, the relief sought will be permitted to remain in Court, otherwise it is dismissed."

The judgment of the lower court sustained the opposition of Mrs. Mary C. Bolt, recognized her as a widow in necessitous circumstances and entitled to the use and usufruct of the sum of $1,000, during her widowhood, less a credit thereon of $227.50, life insurance collected by her, and $20.50, the value of personal property owned by her; and ordered the administrator to place the claim on the provisional account and in due course to pay her over all other debts, except the expense in selling the property.

From this judgment, the administrator has prosecuted this appeal, and appellee has answered the appeal praying for damages for frivolous appeal.

The finding of the lower court that Mrs. Mary C. Bolt only owned in her own right a lot of household furniture of the value of $20.50, and had only received the sum of $227.50 on an insurance policy, making a total of $248, is correct, and therefore she is a widow in necessitous circumstances in the meaning of article 3252 of the Revised Civil Code and is entitled to be placed upon the provisional account for the sum of $1,000, less $248, and to be paid by the administrator in preference to all other debts, except the expense of selling the property, as the record discloses there are no vendor's liens or conventional mortgages.

Appellant contends that Mrs. Bolt should be required to give security that she will use as a prudent administrator would the money subject to the usufruct. He relies on articles 558 and 563 of the Revised Civil Code to sustain his position, contending that the law only gives to her the usufruct of the money during her widowhood, at the end of which the money should be returned to the heirs of her deceased husband, and, before the money is turned over to her, she should be required to give security, and, if she fails to give security, the money should be put out at interest and the interest received delivered to her, the usufructuary, in accordance with article 563 of the Revised Civil Code.

The position of appellant is untenable. In the case of Welsh v. Welsh, 41 La. Ann. 717, 6 So. 551, the court, in passing on a similar case, said:

"The only question in this case is, does the widow come within any exception which relieves her from giving security?

"The children who are of age by the former marriage have no interest in this controversy. The act of 17th March, 1852, entitled 'An act to provide a homestead for the widow and children of deceased persons,' which has become section 2885, Rev. St., intended to provide for the widow and minor children of a deceased person left in necessitous circumstances. It was to be paid in preference to all other debts except the vendor's privilege and the expense of selling the property. It was a sum taken from the succession and bestowed as a bounty upon the widow and the minor children.

"The act says nothing about the giving

of security by the widow, but it has been decided that the usufruct created by the act must conform to the laws in pari materia. Suc. of Tassin, 12 La. Ann. 885; Andrew Corner v. Cessaire Bourg, 26 La. Ann. 615.

"If the widow Welsh was the mother of a minor child, issue of her marriage with her deceased husband, in accordance with article 560 of the Revised Code, she would be dispensed with giving security. The act of 17th March, 1852, gives the widow the usufruct only, as the amount was intended for the joint benefit of the widow and the minor children.

"In the cases reported in Succession of Tassin, 12 La. Ann. 886, and Corner v. Bourg, 26 La. Ann. 615, there were minor children of the deceased by a former marriage, to whom the amount bestowed by the act would go after the termination of the usufruct enjoyed by the widow. As the widow was not the mother of the minor children, she was not dispensed by article 560 of the Revised Code from giving security for the usufruct of the money.

"In the Succession of Tassin, 12 La. Ann. 886, the court said: 'the general rule is that usufructuaries must give security. The burden is on the opponent to show that she falls within some exception to the rule.'

"In the instant case the opponent has brought herself within the exception. The object in giving security is to preserve and secure the money, for the person or persons to whom it descends after the termination of the usufruct. There are no minor children by a previous marriage to whom the money will descend after the usufruct ceases. It cannot go to the major children of the deceased, because it does not again return to the succession of the deceased. The money has been taken from and separated from the succession and bestowed upon the widow and the minor children. It belongs to them—the usufruct to the widow, and the usufruct to the minors. In the instant case there is no one to whom the money descends, and as the law in its provisions intended to provide for the destitute out of the fund of the succession, it is not unreasonable to interpret it to mean that when it provided for the widow and the minors its intention was that, in the absence of minors, it should go to the widow to enjoy the whole amount; but, as there is no one to whom the amount descends, it would be an idle thing for the widow to give security for its return to an imaginary claimant who can never appear."

This decision was one interpreting the act of March 17, 1852, which is the same as article 3252 of the Revised Civil Code, prior to the amendment by Act No. 242 of 1918, which included conventional mortgages among the debts ranking the widow's homestead. If Mrs. Bolt was the mother of minor children by deceased, she would not have to give security under article 560 of the Civil Code. However, if there were minor children of the deceased husband by a former marriage, she would have to give security. Corner v. Bourg, 26 La. Ann. 615; Suc. of Tassin, 12 La. Ann. 886; Suc. of Hunter, 13 La. Ann. 257.

In the case at bar, there are no minor children of the deceased by a former marriage; therefore she is not required to give security for the money due her, under article 3252 of the Revised Civil Code. There are two minor grandchildren of the deceased, but, under article 3252 of the Civil Code, grandchildren have no claim to the $1,000 reserved to "a widow or minor children of the deceased" and payable out of the succession. Suc. of Watzke, 139 La. 868, 72 So. 423; Suc. of Geisler, 32 La. Ann. 1289; overruling Suc. of Coleman, 27 La. Ann. 289.

The judgment of the lower court is correct. Appellee's prayer for damages for frivolous appeal is without merit.

It is therefore ordered, adjudged, and decreed that the judgment of the lower court be affirmed.