## JOHNSON (BUSH, Assignee) v. BOLT (HERNDON, Garnishee).

### No. 4444.

Court of Appeal of Louisiana. Second Circuit.

Nov. 10, 1932.

Herndon & Herndon and J. S. Peters, all of Shreveport, for appellant.

Bryan E. Bush and John B. Files, both of Shreveport, for assignee.

DREW, J.

This case is before us on a motion to dismiss the appeal for the reason that the appeal is alleged to be from an interlocutory decree, for the further reason that the appeal was taken from a judgment confessed by appellee, and, further, that appellant, the garnishee, is a mere stakeholder and without interest to set up any defense for the real debtor, Mrs. Mary C. Bolt.

The record discloses that E. B. Herndon was made garnishee under a writ of fieri facias based upon a judgment in favor of Bryan E. Bush, assignee, against Mrs. Mary C. Bolt. The following interrogatories were propounded to the garnishee:

"1st Interrogatory: Had you in your hands or under your control, directly or indirectly, at the time of service of these interrogatories, or at any time since, any money, rights, credits or other property whatsoever, belonging or due to the said defendant in writ, or in which he has or had any interest for the whole or for a part; and if yea, what is the nature, description and amount thereof; and is the same sufficient to pay or to satisfy the full amount of said writ, or if less, to what amount?—you being asked and required to make a full disclosure in relation to same.

"2d Interrogatory: Were you not, at the time of service upon you of these interrogatories, or since, directly or indirectly indebted or obligated unto the said defendant in writ for anything or for any sum whatever, whether for yourself alone or together with others, in consequence of any sale or exchange or transaction of any kind whatever, whether the same be due or to become due, and whether the interests of said defendant in writ be direct or indirect, or be for the whole or a part only, or whether it be by bill, note or otherwise; and if yea, what is the nature, description and amount thereof, and is the same sufficient to pay or satisfy the full amount of said writ and costs, or if less, what amount? you being asked and required to make a full and detailed disclosure in relation to the same.

"3d Interrogatory: Have you, at any time since the service of notice of seizure in your hands herein made, directly or indirectly, unto or with the said defendant in writ any pay-

ment or novation or compromise, or arrangement or given him any note or written obligation, or received from him, directly or indirectly, any receipt or acquittance? and if yea, state the nature, description and amount thereof, and the time, place and circumstances of the same."

The garnishee, on July 9, 1932, answered the interrogatories as follows:

"Ans. Interrogatory 1:

"I was employed by Mrs. Mary C. Bolt to obtain for her as widow in necessitous circumstances, One Thousand ($1000.00) Dollars from the succession of William H. Bolt, her late husband, being suit No. 51,897, on the docket of this court. The administrator in said succession refused to place defendant's claim on his tableau of debts and I filed opposition therein, and thereafter, to-wit, on June 13, 1931, the court rendered judgment in said suit in favor of the opponent, defendant in this suit, recognizing her as widow of the deceased in necessitous circumstances under Article 3252 of the Civil Code, for the sum of One Thousand ($1000.00) Dollars, less credit of Two Hundred Forty-eight ($248.00) Dollars, and ordering the administrator to place same on his tableau of debts for the sum of Seven Hundred Fifty-two ($752.00) Dollars to be paid her by preference and priority over all other debts, except the expenses incurred in selling the property of the deceased, from which judgment the administrator appealed to the Honorable Circuit Court of Appeal, Second Circuit of Louisiana, and after hearing had on said appeal, said court on January 14, 1932, affirmed the judgment of said district court (19 La. App. 135, 138 So. 897), in suit No. 4179 on the docket of said court. The administrator thereafter applied to the Honorable Supreme Court of the State of Louisiana for writs of review, and thereafter, to-wit, on March 30, 1932, in suit No. 31,776, the Honorable Supreme Court refused said writ, and thereafter the administrator in said succession filed an amended tableau of debts, which opponent opposed for the reason that said amended tableau of debts was incorrect, and that it failed to place her on said tableau in the rank as provided by law, and judgment was thereafter rendered in her behalf on May 28, 1932, again ordering and commanding said administrator to place the claim of Mrs. Mary C. Bolt, widow in necessitous circumstances, on the tableau of debts for the sum of $752.00 to be paid by preference and priority over all other debts, except the expenses of sale of the property, and thereafter, to-wit, the administrator failing and neglecting to make distribution of the funds of the succession, the opponent in said succession filed a rule on said administrator to show cause why he should not file a true statement and account of his administration, said rule being fixed for Tuesday, June 21, 1932, at ten o'clock A. M., but that said rule was not tried for the reason

that the administrator promised to make distribution of the assets of said succession without further delay, and that on July 1, 1932, at about three o'clock P. M., the attorney for the administrator, Hon. Bryan E. Bush, handed me, in my office, as attorney for Mrs. Mary C. Bolt, check of the administrator for $752.00, being the amount payable to her under said judgment, and within five minutes thereafter a deputy sheriff in and for Caddo Parish, La., served petition and order and interrogatories on me in above entitled suit.

"In further answer to Interrogatory 1, I do not believe that I have any money belonging to the defendant, the amount collected being paid her under article 3252 of the Civil Code reading as follows (last sentence of article):

"'The surviving widow shall have and enjoy the usufruct so received from her deceased husband's succession, during her widowhood, which amount shall afterwards vest in and belong to the children or other descendants of the deceased husband.'

"I, therefore, affirm that said sum paid me is not the property of the defendant in above entitled matter, but the property of the 'children, or other descendants of the deceased husband', the defendant only enjoying the usufruct of the amount during her widowhood. I further believe that said sum paid over to me is not subject to seizure under any process whatever, being a form of homestead exemption well recognized by the jurisprudence of this State.

"Ans. Interrogatory 2:

"I believe I have answered in full in Interrogatory 1 all of the matters inquired about in Interrogatory 2. However, the writ referred to in said interrogatory is not before me and the interrogatory being silent as to the amount claimed, and the petition being vague in not stating the date from which interest was allowed and the date of the credit of $20.00 on said judgment, as set forth in Paragraph 3, nor am I advised as to the amount of court cost, and, therefore, am unable to say the balance due under said judgment, but as above stated the sum of $752.00 was paid me under judgment rendered in above entitled succession.

"Ans. Interrogatory 3:

"I have not seen Mrs. Mary C. Bolt since the service of interrogatories on me, nor have I had any transactions whatever with her and hold in my possession $752.00 paid me as her attorney.

"In further answer, I aver that should the court hold that the sum paid me under said judgment is the property of defendant and subject to garnishment, then and in that event I would be entitled to my fee as attorney, for the sum of $250.00 to be paid me by preference and priority over all other debts, as provided by law. I attach hereto and make part hereof

by reference, Succession of William H. Bolt, being suit No. 51,897 on the docket of this court, to show rem ipsam."

On July 12, 1932, appellee by motion alleged that the garnishee had answered the interrogatories and did confess that he had funds in the sum of $502 in his possession belonging to Mrs. Mary C. Bolt, and, under article 246 of the Code of Practice, the said garnishee should be immediately ordered to pay over to the sheriff the said sum. He prayed for orders to the garnishee to pay over to the sheriff the sum of $502.

On the same day, in chambers, the judge of the lower court granted the order prayed for. It was an ex parte order. There was no rule served upon the garnishee and no hearing had. On the same day the garnishee filed a motion to set aside the order referred to above for the reason that said order was an ex parte order and improvidently issued, and for the further reason that the allegations contained in plaintiff's motion for the order are untrue, in that garnishee did not answer that he was indebted to defendant or held property in his possession belonging to her in any amount whatever, but, on the contrary, averred that he held the property for the defendant as usufructuary. The following day the motion to vacate the order was argued and denied, at which time garnishee asked for and was granted both suspensive and devolutive appeal to this court.

■ Appellee first contends that appellant did not appeal from the judgment rendered in response to the motion praying that he be ordered to turn over to the sheriff funds in his hands, but appealed only from the refusal of the lower court to vacate that judgment. There is absolutely no merit in this contention. The minutes of the court show that the motion to vacate was filed, argued, submitted, and overruled, and then appellant asked for and was granted orders of appeal, both suspensive and devolutive, to this court. The amount ordered turned over to the sheriff was $502, and appellant made an appeal bond for the sum of $805, clearly a suspensive and devolutive appeal bond from the judgment rendered against him.

We would have to do violence to the record as made up, including the minutes of the court, to hold that a garnishee only appealed from the motion to vacate and not from the entire proceedings. We would be as well justified in holding that, when a motion for a new trial was overruled, an appeal asked for and granted, the appeal was only from the motion for a new trial and not from the judgment that the motion for a new trial was filed, in an attempt to vacate.

The next two grounds urged by appellee in his motion to dismiss, viz. that the judgment was confessed and no interest on the part of the stakeholder, the garnishee, will be treated together.

■ Appellee has taken from the answers of garnishee the answer to the third interrogatory, disregarding the other two answers entirely. On this answer he bases his contention that the judgment was confessed. This cannot be done in the light of the explanation and contention of the garnishee set up in answer to interrogatories 1 and 2. They must be read together. Garnishee, in answer to interrogatories 1 and 2, denied that he had any funds in his possession belonging to the defendant, Mrs. Mary C. Bolt, that were subject to seizure, and further made the allegation that, if they were subject to seizure, he was entitled to his attorney's fee in the amount of $250 for recovering said funds for Mrs. Bolt in a former proceeding.

■■ Without passing on what the results should have been, had garnishee's answers been traversed, it is sufficient to say that his answers cannot at this time be taken as confessing judgment or that he was a mere stakeholder and without interest in the proceedings. The extent of the garnishee's liability is to be tested by his answers to interrogatories when the truth of those interrogatories has not been disproved. Oakey et al. v. Miss. & Ala. R. R. Co., 13 La. 567; Daigle v. Bird (Greves, Garnishee), 22 La. Ann. 138; Halpin v. Barringer (Woelper, Garnishee), 26 La. Ann. 170.

It is therefore ordered, adjudged, and decreed that the motion to dismiss be overruled.