COLE, Judge.
The issue presented by this motion to dismiss is whether a garnishee who admits having funds of the debtor “in retainage” is entitled to an appeal from the garnishment judgment or whether his answers to the interrogatories are equivalent to a confession of judgment so as to preclude appeal.
The pertinent interrogatories propounded by the mover (plaintiff in the main demand) and answered by the garnishee, Department of Transportation and Development (DOTD) are as follows:
“INTERROGATORY NO. 1: Do you have under your control directly or indirectly, any money, rights, credits or other property belonging to the defendant, Lamar Haddox Contractor, Inc., or in which he has any interest or may acquire at the time of service of these interrogatories?” Answer: “Yes.”
“INTERROGATORY NO. 2: If your answer to Interrogatory No. 1 is yes, what is the nature, description and amount of money, rights, credits or other property? Is the amount sufficient to satisfy the following judgment, Sixteen Thousand Eighty-three and 52/100 ($16,-083.52) Dollars with legal interest as (sic) the rate of seven (7%) percent, from July 24, 1979, until paid, twenty (20%) percent of both principal and interest in attorney’s fees and expert witness’ fees in the amount of Four Hundred and No/100 ($400.00) Dollars? A certified copy of the judgment and statement of the sum due and owing is attached hereto and forms a part hereof.”
Answer: “Lamar Haddox Contractor, Inc. currently has on deposit with Department of Transportation and Development $93,717.46 in retainage from Project No. 839-16-05 outstanding against this re-tainage are leans (sic) in the amount of $35,121.53. The remaining amount is adequate to satisfy the judgment as set out in Interrogatory No. 2.”
Although the issue of the garnishee’s right to appeal the garnishment judgment (which orders him to pay funds or deliver property to the appropriate sheriff) has not arisen in recent jurisprudence, we find ample authority for this right in the older cases. The principle was first articulated in Hanna’s Syndics v. Lauring, 10 Mart. (O.S.) 568 (La. 1822). The court recognized the right of a garnishee to appeal to protect his own interest in the garnished property, but denied the garnishee’s appeal because it asserted a defense of the judgment debtor. In State ex rel. Tureaud v. Parish Judge of Ascension, 23 La.Ann. 717 (1871), the court held that answers to interrogatories which disclosed a liability of the garnishee to the judgment debtor were not a confession of judgment so as to defeat the garnishee’s right of appeal. The court reasoned the admission of having money belonging to the debtor did not necessarily admit the right of the creditor to have the money.
The garnishee’s right to appeal was again recognized in Halpin v. Barringer, 26 La. Ann. 170 (1874), where the garnishee resisted handing over the garnished funds because they belonged to the debtor only in his role as executor of an estate. The garnishee was allowed to appeal, and asserted the funds were not seizable. This is analogous to the present case where the garnishee asserts he has property which may belong to the debtor, but the funds are on retainage and are not seizable until the construction project has been accepted and the proper lien procedure has been completed.
*976 In Johnson v. Bolt, 144 So. 296 (La. App.2d Cir. 1932), the court specifically addressed the issue of the answers to interrogatories constituting a confession of judgment. The court held that all of the answers must be read together, and althoügh some seemed to unconditionally confess that money was available, others contained some reservations. We feel this is the situation in the present case. Although mover argues that one particular sentence of the answer, “The remaining amount is adequate to satisfy the judgment as set out in Interrogatory No. 2.” is a confession of judgment, one cannot ignore that this answer was preceded by a sentence declaring that the funds held were “retainage.” Taken as a whole, we cannot conclude that the answers constituted a confession of judgment.
In Maybeno v. Battaglia, 26 So.2d 315 (La.App. Orl. Cir. 1946), the court recognized that a garnishee (who answered the interrogatories negatively but admitted he possessed some funds at the hearing on the traversal) had the right to appeal the garnishment judgment. The court rejected the argument that the garnishee was merely a disinterested third party with no right of appeal and pointed out that the garnishee is the party cast in judgment and therefore should not be denied an appeal.
We have found nothing in the recent jurisprudence to contradict the holdings of these older cases. Based on this jurisprudence we conclude that the garnishee in this case is entitled to an appeal. The motion for dismissal is denied.
MOTION DENIED.